## OSCAR CRAMER AND ELIZABETH CRAMER
### V.
## WILLIAM BODE AND FREDERICK JOBUSCH.

*Husband and Wife—Settlement—Bill to Subject Property in Wife's Name to Lien of Judgment against Husband—Default—Extent of Admission—Defects in Bill—Transcript of Justice's Judgment Filed in Circuit Court—Requisites.*

1. The default of a defendant in a bill in equity is an admission of facts alleged in the bill, but not of the pleader's conclusions from such facts.

2. A settlement of property by a husband upon his wife, when he is solvent and the settlement reasonable, can not be attacked by subsequent creditors, unless such settlement was made with a view to future fraudulent indebtedness.

3. To entitle a party to a transcript from a Justice to file in the Circuit Court to obtain a lien upon the realty of the judgment debtor, execution must be first issued by the Justice within one year from the rendition of the judgment, and returned *nulla bona.*

4. Upon a bill to subject certain real estate, standing in a wife's name, to the lien of a judgment against her husband, it is *held:* That it does not appear from the bill that the lien of the judgment was perfected by the issue of execution within a year from its rendition; that the bill is defective in not showing what proceedings were had before the Justice and certified to the Circuit Court; that the averment of time when the indebtedness accrued, leaves it uncertain whether it was prior or subsequent to the conveyance to the wife; and that the decree is too broad in setting aside the conveyance which is valid as between the parties, except as to creditors, if any, who have been hindered or delayed in the collection of their claims.

[Opinion filed October 5, 1887.]

IN ERROR to the Circuit Court of Monroe County; the Hon. GEORGE W. WALL, Judge, presiding.

This was a bill in equity exhibited in the Circuit Court of Monroe County by defendants in error as partners, against the plaintiffs in error, to subject certain real estate in the name of Elizabeth Cramer to the lien of a judgment against her husband, the said Oscar.

A decree *pro confesso* was entered and this writ of error is prosecuted to have it reviewed.

The bill avers that on March 16, 1882, one Henry Winterman sold the said real estate to said Oscar for the sum of $600, and with the intent to hinder and delay his creditors, the said Oscar requested said Winterman to make the deed to his wife, the said Elizabeth, and that the deed was so made.

Concerning the accruing of the indebtedness and the recovery of judgment thereon, the bill charges " that the said Oscar Cramer, long before and afterward, at the time said purchase of said lots was made, opened an account at the store of complainants, of which a balance remained due upon final settlement, and for which balance, before Charles Metzger, a Justice of the Peace, on the 9th day of April, 1884, the complainants commenced suit, and on the 16th day of April, 1884, a judgment in favor of said complainants was entered in said cause for the amount of $70.25 and costs of suit against said Oscar Cramer; and your orators further show unto your honor that on the 30th day of July, 1885, at 11:45 o'clock A. M. of said day, a transcript of the judgment and proceedings before said Justice in said cause, was filed and recorded in the office of the Clerk of the Circuit Court of Monroe County, Illinois, and thereby became a judgment in the Circuit Court of said county, and thenceforth was, and continued to be, a lien against all of the real estate of said Oscar Cramer in said county; and that afterward, on the 30th day of July, 1885, the said judgment remaining in full force and effect, and the damages and costs aforesaid unsatisfied, your orators, for the purpose of obtaining satisfaction of the same, caused a writ of *fieri facias* to be issued and delivered to the Sheriff of the said County of Monroe to serve, and out of the goods and chattels, lands and tenements of said Oscar Cramer, according to law, said Sheriff was commanded to make the sum of $70.25, with interests and costs, and that he return the same into the office of said Circuit Clerk, together with his indorsement thereon, showing the manner in which he has served the same."

Upon these allegations arises the question noticed in the

opinion which renders any further statement of the contents of the bill unnecessary.

The decree declares the deed to said Elizabeth to be null and void, that the property is that of said Oscar and subjects it to sale upon the execution of defendants in error.

Mr. WILLIAM WINKLEMANN, for plaintiffs in error.

Mr. JOSEPH W. RICKERT, for defendants in error.

PILLSBURY, J. It may be considered as settled law in this State that a settlement of property by a husband upon the wife, where the husband is solvent and the settlement reasonable considering the grantor's circumstances, can not be attacked by subsequent creditors of the husband but can be held voidable by creditors only who were such at the time of the conveyance, unless it shall appear that such settlement was made upon the wife with a view to future fraudulent indebtedness. Moritz v. Hoffmann, 35 Ill. 553; Wooldridge v. Gage, 68 Ill. 157; Patterson v. McKinney, 97 Ill. 41; Crawford v. Logan, 97 Ill. 396.

It is equally true that before a bill, like the one at bar, can be maintained, the proof must show that the judgment is a lien upon the land, and to show this it is indispensable that execution should have been issued within a year. Newman v. Willits, 52 Ill. 98; Weis v. Tiernan, 91 Ill. 27. Applying these well established principles to the case at bar how stands the case?

The defendants below by suffering a default admitted no facts not alleged in the bill.

The conclusions of the pleader from the facts stated were not admitted. The averment of facts is for the pleader; the legal conclusion arising from such alleged facts upon a default, is for the court.

The averment of time when the indebtedness accrued to the complainant below is so uncertain that the court could not judicially know whether it was prior or subsequent to the conveyance from Winterman to Mrs. Cramer. It is nowhere

alleged that this settlement upon the wife was unreasonable, or that, at that time, the said Oscar was insolvent, not retaining a sufficient amount of property to pay all existing indebtedness. It is alleged that at the time of filing the bill he was insolvent, but when it is seen from the bill that the conveyance was made to the wife some two years and four months before judgment was rendered, the pleader should have shown that the debtor was insolvent at that time, or that he was at that time indebted to the complainants.

The allegation of indebtedness is, "that the said Oscar Cramer, long before and afterward, at the time said purchase of said lots was made, opened an account at the store of complainants, of which a balance remained due upon final settlement, for which balance judgment was obtained."

Now, whether this balance was for that part of the account accruing before the conveyance or afterward, does not appear, and taking the pleading most strongly against the pleader it is quite as clear that the account was opened with complainants at the time of, or after the conveyance, as it was before. If at the time or afterward, then the pleader should have gone further and shown by his bill that this conveyance was given to the wife in contemplation of future indebtedness, and for the purpose of preventing the collection thereof.

Upon the second branch of the case it is to be noticed that the judgment before the Justice of the Peace was rendered on the 16th day of April, 1884, and the transcript was filed in the clerk's office on the 30th day of July, 1885, over one year and three months after its rendition.

To entitle a party to a transcript from a Justice of the Peace to file in the Circuit Court for the purpose of obtaining a lien upon the realty of the judgment debtor, it is essential that execution be first issued by the Justice and a return *nulla bona* by the Constable. Rev. Stat. 1874, Chap. 79, S. 95. And in analogy to the limitation prescribed by the statute in the issuing of executions upon judgments in courts of record, in order to preserve the lien of the judgment upon realty it is incumbent upon the party to have such execution issued by the Justice within one year from the rendition of the judgment, otherwise his only remedy is a suit upon the judgment,

Cramer v. Bode.

as taking a transcript after that time will not create a lien upon real estate although filed in the office of the clerk of the Circuit Court. Hay v. Hayes, 56 Ill. 342. There is no direct averment in the bill before us that any execution was ever issued by the Justice of the Peace, much less that any such was issued within a year after the entry of the judgment. The averment is that on the 30th day of July, 1885, a transcript of the judgment and proceedings before said Justice was filed and recorded in the office of the clerk of the Circuit Court, etc.; then the statement follows that said transcript thereby became a judgment of the Circuit Court and was thenceforth a lien upon the lands of said Oscar. By the averment that a "transcript" of the judgment and proceedings had before the Justice was filed, we can not infer that an execution was issued within a year upon the judgment and returned *nulla bona*, for the averment would be as well established without proof of such execution, as with it. A transcript, *i. e.*, a copy of such judgment and proceedings, can be filed without obtaining a lien upon real estate of the judgment debtor. The difficulty with the bill in this respect is, that we are not informed by it what "proceedings" were had before the Justice and certified to the Circuit Court.

The conclusion of the pleader that a lien was created by filing and recording such transcript is not admitted by the default, for the facts alleged do not necessarily legally lead to such conclusion.

The decree, also, we think, is too broad in setting aside the deed to Mrs. Cramer and finding the land belongs to Oscar, the husband, for such deed is good between the parties and should be held valid except as to creditors who have been hindered or delayed thereby in the collection of their just claims.

For the reasons stated we are of the opinion that error was committed in entering the decree upon the averments in the bill, for which the decree will be reversed and the cause remanded with leave to complainants to amend their bill if they shall be so advised, and for further proceedings according to the usual course of chancery practice and proceedings.

*Decree reversed.*