(No. 35433.—)

THE PEOPLE *ex rel.* Eli Lacanski, Appellant, *vs.* HARRY P. BACKES, Sheriff, *et al.,* Appellees.

*Opinion filed May 18, 1960—Rehearing denied September 26, 1960.*

CASSIDY & CASSIDY, of Peoria, for appellant.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and EUGENE M. PRATT, State's Attorney, of Peoria, (FRED G. LEACH, Assistant Attorney General, of counsel,) for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Eli Lacanski, herein called the relator, seeks a reversal of an order of the circuit court of Peoria County, which, in an extradition proceeding, quashed a writ of *habeas corpus* and remanded him to the custody of the sheriff of Peoria County, to be delivered to an agent of the State of Pennsylvania.

Relator was arrested by the sheriff of Peoria County pursuant to a warrant issued by the Governor of the State of Illinois, on requisition from the Governor of the State

of Pennsylvania, reciting that relator was charged, by information, with having committed the crime of cheating by false pretenses, one Tima Bukvich, and with being a fugitive from justice from the county of Crawford, State of Pennsylvania, upon the said charge. It is asserted that the crime was committeed in the county of Crawford, State of Pennsylvania, on the 5th day of August, 1956.

The relator claims (1) that the questions of fact contained in his petition for writ of *habeas corpus* were admitted by the failure of the sheriff of Peoria County to file a responsive pleading thereto; (2) that the requisition and legal papers are not in proper or legal form; (3) that he is not substantially charged with a crime in Pennsylvania; (4) that he is not a fugitive from justice and was not in Pennsylvania on August 5, 1956; and (5) that the requisition was not made in good faith but from some ulterior motive other than the punishment of a crime.

The sheriff of Peoria County filed no return to the petition for writ of *habeas corpus* filed by relator in this case, contrary to the provision of section 12 of the Habeas Corpus Act. (Ill. Rev. Stat. 1957, chap. 65, par. 12.) The return of the officer in response to such a petition constitutes pleading, and the issue is made upon the petition, return, and denial of return or facts pleaded in answer. (*People ex rel. Stanton* v. *Meyering*, 345 Ill. 598.) The failure to plead would generally constitute an admission of all facts well pleaded, but such default does not admit that the facts pleaded constitute a cause of action or a defense. (*First Trust Joint Stock Bank of Chicago* v. *Cutler*, 293 Ill. App. 354.) It additionally appears that the substantial averments of the petition are conclusions of law as to the legal form and effect of certain documents and requisitions. Legal conclusions are not admitted by a failure to plead thereto. *Serletic* v. *Jeromell*, 324 Ill. App. 233.

Moreover, the sheriff was permitted, without objection

by relator, to introduce the Governor's warrant into evidence. That warrant recites that Eli Lacanski was charged with a certain crime in Pennsylvania, that a copy of an information, warrant and affidavit had been presented to the Governor of Illinois, authenticated by the Governor of Pennsylvania. The warrant of the Governor of Illinois thus made a *prima facie* case in behalf of the sheriff. *People ex rel. Flowers* v. *Gruenewald,* 390 Ill. 79; *People ex rel. James* v. *Lynch,* 16 Ill.2d 380.

The relator thereafter proceeded with his evidence. The relator thus waived his objection to the presentation of evidence by the sheriff and his right to claim that the failure to file a return admitted such facts that his release from custody is required. (*People* v. *McCurrie,* 337 Ill. 290; *Illinois Central Railroad Co.* v. *Noyes,* 252 Ill. 178.) Relator, in addition, offered exhibits in evidence in support of his petition, thereby waiving any failure of the sheriff to make return thereto. *Cienki* v. *Rusnak,* 398 Ill. 77.

Relator contends that the requisition and legal papers are not in proper form, and that he is not substantially charged with a crime in Pennsylvania. Relator asserts that the requisition is primarily based upon the affidavit of a person other than the complainant, based upon information and belief and upon hearsay adduced through an interpreter from a person who could neither read nor write the English language. The requisition is supported by both an information and an affidavit of the District Attorney, although either would be sufficient. (*Lacondra* v. *Hermann,* 343 Ill. 608.) The District Attorney's affidavit need not be positively verified but may be on information. The affidavit is not based solely on the information obtained by interpretation of the remarks of a third party who could neither speak nor read English but also upon thorough investigation of the matter. (*People ex rel. Gardner* v. *Mulcahy,* 390 Ill. 511.) Moreover, the technical sufficiency of an information is not subject to consideration in a *habeas*

*corpus* proceeding. (*People ex rel. Downer* v. *O'Brien,* 373 Ill. 383; *People ex rel. Flowers* v. *Gruenewald,* 390 Ill. 79.) A copy of the information charging relator with the crime of cheating by false pretense in Crawford County, Pennsylvania, a copy of the warrant issued in the State of Pennsylvania for the arrest of Eli Lacanski to answer to the charge of the information, and the affidavit of the District Attorney of Crawford County, Pennsylvania, certified by the Governor of Pennsylvania to be authentic, and averring the relator to be a fugitive from justice in Pennsylvania were filed with the Governor of Illinois. Upon receipt of these documents the Governor of Illinois was authorized to issue his warrant. (*Lacondra* v. *Hermann,* 343 Ill. 608.) The requisition was sufficient, and the sufficiency of the information to charge the crime could not be heard in this proceeding.

The relator denies that he was in the State of Pennsylvania on or about the date of August 5, 1956, and that he is a fugitive from justice. Relator offered no evidence to prove that he was not in Pennsylvania on the date alleged. The issuance of a warrant by the Governor of the State of refuge, upon proper and sufficient requisition, creates a *prima facie* case to justify the removal of the person charged as a fugitive. Such *prima facie* case can be overcome only by proof to the contrary. To show that he is not a fugitive from justice the accused must demonstrate conclusively that he was not present in the demanding State, and a mere contradiction in the evidence on this issue will not entitle him to discharge. (*People ex rel. Goldstein* v. *Babb,* 4 Ill.2d 483.) Relator has not overcome the *prima facie* case, established by the warrant of the Governor of Illinois, on this point.

Finally relator asserts that the requisition is not made in good faith. Questions of good faith of the demanding State, or of the complaining witnesses in an extradition proceeding, cannot be inquired into by the courts of this State.

Such questions are for the courts of the demanding State. *People ex rel. Goldstein* v. *Babb,* 4 Ill.2d 483; *People ex rel. Ponak* v. *Lohman,* 7 Ill.2d 156.

The circuit court of Peoria County correctly determined that the relator is not entitled to be discharged upon his petition for writ of *habeas corpus.* The judgment of that court is hereby affirmed.

*Judgment affirmed.*