Midwest Triangle Paint Works, Inc., an Illinois Corporation, Plaintiff-Appellant, v. Firemen's Insurance Company, a New Jersey Corporation Authorized to do Business in the State of Illinois, Transcontinental Insurance Company, a New York Corporation Authorized to do Business in the State of Illinois, Underwriters at Lloyd's London, an Illinois Corporation, and Reserve Insurance Company, an Illinois Corporation, Defendants-Appellees.

Gen. No. 48,500.

First District, Third Division.
March 28, 1962.

William Elden, of Chicago, for appellant.

Clausen, Hirsh, Miller & Gorman, of Chicago (Jerome H. Torshen, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a summary judgment for defendants in a suit on policies insuring plaintiff against loss by fire. Three of the defendants joined in a single brief. The Reserve Insurance Company filed a separate brief. Each policy contains a provision limiting the time for institution of suit to twelve months after loss.

Plaintiff sustained a fire loss on December 31, 1958. Suit was instituted on January 6, 1960, more than one year after the loss. Defendants' motion for summary judgment is based on the ground that this is beyond the limitation period fixed by the policy. Plaintiff's position is that the defense was waived. The trial court heard the matter on defendants' verified motion, which included excerpts from a deposition of president of plaintiff, plaintiff's verified reply and the affidavit of plaintiff's attorney in support thereof.

The principal question is whether a genuine issue of fact was made on the question of waiver. Plaintiff relies on the affidavit filed by its attorney, and we will here state the substance thereof. It avers that the attorney had a conversation with one Mavon, de-

scribed as the chief adjuster for defendants. In this conversation he asked Mavon whether it would be necessary to start a lawsuit in order to obtain any money under this policy. Mavon's reply was that all that would be necessary would be to obtain adequate proof of the actual cash value of the property destroyed. It appears from plaintiff's reply to defendants and from the affidavit that after plaintiff filed a proof of loss early in the year (which was rejected), a meeting was held in which adjusters from all the insurance companies were present, and a method of ascertaining the actual cash value was suggested as being acceptable to defendants. In reliance upon this, plaintiff avers that it began a thorough investigation and filed new proofs of loss on October 12, 1959. These were rejected by all the defendants except Reserve Insurance Company, on November 18, 1959. A letter accompanying the return contained the following statement:

> "Please be advised that said insurance companies deny any and all liability to you in the amount of $31,756.34 claimed in said instruments purporting to be proofs of loss or in any other amount whatsoever."

Photostats of receipts for letters sent plaintiff in care of its attorney and receipts for a copy sent directly to the company showed the receipt by the attorney on November 19, 1959, and by the company on November 23, 1959.

In construing the affidavit upon which the waiver is based, we must take into account the provision in the policy of limitation of sixty days from the date of loss for the filing of proof of loss. The affidavit states a case for waiver of time for the filing of proof of loss, but it contains nothing upon which may be predicated a claim that the period of limita-

tion in which to commence suit was waived. While courts are not disposed favorably toward a defense based upon a failure to comply literally with all the technical requirements of an insurance contract, a court must adhere to a reasonable interpretation of its provisions. The policies were in the standard form prescribed by the Director of Insurance of Illinois, pursuant to authority given by statute (Ill Rev Stats, c 73, § 1009 (1961)).

 The general rule that ambiguous provisions are to be construed strictly against the insurer does not apply to provisions of a policy prescribed by statute. Gallopin v. Continental Cas. Co., 290 Ill App 8, 7 NE2d 771. However, such provisions as are in the standard form literally prescribed by statute may be waived and the insurer by its conduct estopped from asserting them. Lumbermen's Mut. Ins. Co. v. Slide Rule & Scale Engineering Co., 79 F Supp 394 (SD Ill 1948) affd, 177 F2d 305 (7th Cir 1949); Mims v. Mutual Benefit Health & Accident Ass'n, 319 Ill App 239, 48 NE2d 796; Colby v. Great American Casualty Co., 272 Ill App 273; cf. Dickirson v. Pacific Mut. Life Ins. Co., 319 Ill 311, 150 NE 256. Indeed it has been held that even a provision stating that no provision may be waived unless in writing attached to the policy may itself be waived by the insurer. Gipps Brewing Corp. v. Central Manufacturers' Mut. Ins., 147 F 2d 6 (7th Cir 1945) construing Illinois law. So may one providing that an agent has no power to waive a provision be waived by that very agent. Travelers Ins. Co. v. Eviston, 110 Ind App 143, 37 NE2d 310 (1941) also construing Illinois law. Therefore, just as even a constitutional right may be waived, Shepard v. Barron, 194 US 553 (1904); H. P. Coffee Co. v. R.F.C., 215 F2d 818 (1954); Kausal v. George F. Nord Bldg. Corp., 129 F2d 173 (7th Cir 1942); Cochennet v. Ambrose, 21 Ill2d 520, 173 NE2d 454, so may an insurer

waive this provision, prescribed under the statute, which is to his benefit. The question is whether waiver of the limitation period on the bringing of an action is shown by the facts set forth in the instant case. Putting the most favorable construction upon the language of the affidavit supporting the claim of waiver, the most that can be said is that the time for filing proofs of loss was waived and plaintiff given the opportunity to file new proofs.

An insurance company which, upon rejecting proofs of loss, arranges with the insured to submit new proofs of loss is obligated to notify the insured of its rejection of the new proofs in ample time to enable the insured to comply with the limitation clause on the bringing of suit. This is a reasonable consequence of the waiver of the time limitation for proofs of loss. The record shows that all the defendants except the Reserve Insurance Company notified plaintiff in ample time. The letter of rejection by defendants, excepting Reserve Insurance Company, was received by plaintiff's attorney on November 19, 1959 and by the vice-president of plaintiff on November 23, 1959. This gave plaintiff approximately five to six weeks in which to commence suit. Commencement of suit was a simple matter, as the complaint finally filed by plaintiff reveals, and the time still available within the limitation period was adequate.

With respect to the Reserve Insurance Company, however, the matter is quite different. There, the basis for the claim that plaintiff received notice of rejection of loss by Reserve is a conversation in very general terms between plaintiff's attorney and defendants' attorney, during the course of the taking of a deposition. It is not clear when notice was sent by Reserve. The attorney for plaintiff summed it up as follows:

70

"I think the last one [meaning the letter of rejection] came from Reserve. I don't exactly know what date it was, it was because of some confusion as to one of the policies."

Upon further examination he said that the last communication he got was from Reserve; that he would say it was in the early part of December, "to the best of my knowledge." He was not a witness and it cannot be construed as an admission of the date on which Reserve notified plaintiff. As the matter stands, the record does not show when Reserve actually gave any notice to plaintiff of the rejection of the proof of loss.

It is argued that the filing of a suit in attachment in Georgia and the filing of a federal tax lien within twelve months of the fire constituted compliance with the limitation period so that the instant case is not thereby barred. The policy provides that *no suit or action* shall be sustainable unless commenced within twelve months of the loss. It is the instant suit to which the provision was applied and which is thereby barred. Hartzell v. Maryland Casualty Co., 163 Ill App 221; cf. Western Coal & Dock Co. v. Traders Ins. Co., 122 Ill App 138.

We call the attention of counsel to Appellate Court Rule 7 relating to the form of briefs and the manner in which the nature of the case, points and authorities, and statement of facts and argument are to be set forth. Particular attention is directed to the statement of points and authorities. Adherence to this rule will assist the court in its study of the case.

The summary judgment was proper as to Firemen's Insurance Company, Transcontinental Insurance Company, and Underwriters at Lloyd's London, and the judgment as to them will be affirmed. The judgment as to Reserve Insurance Company is reversed and the cause is remanded with directions to

deny its motion for summary judgment, and for such other and further proceedings as are not inconsistent with the views herein expressed.

Judgment as to Firemen's Insurance Company, Transcontinental Insurance Co. and Underwriters at Lloyd's London affirmed; judgment as to Reserve Insurance Company reversed and cause remanded with directions.

McCORMICK, P. J. and DEMPSEY, J., concur.