**John A. Naghten, Plaintiff-Appellant, v. Maryland Casualty Company, Defendant-Appellee.**

**Gen. No. 49,050.**

First District, Second Division.
February 19, 1964.
Rehearing denied April 7, 1964.

McCarthy and Levin, of Chicago (John F. McCarthy and Esther R. Rothstein, of counsel), for appellant.

Clausen, Hirsh, Miller & Gorman, all of Chicago, for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court:

This suit was brought by John Naghten against Maryland Casualty Company to collect for damage in plaintiff's home under a Homeowner's Insurance Policy. The Municipal Court of Chicago dismissed the suit with prejudice in reliance upon a provision in the policy that:

> "Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any Court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

The only question upon appeal is whether this suit was brought within the policy time limitation.

The Homeowner's Insurance Policy was issued on June 1, 1956, to run for three years. Sometime during the course of the three years the cement floor of the rear bedroom of plaintiff's residence began to rise. By May 31, 1959, before the expiration date of the policy, a bump with sloping sides had been formed in the floor of the bedroom, the floor had become misshapen completely and the walls and doors had

75

become cracked and distorted. From November 15, 1959, until December 31, 1959, plaintiff expended approximately $3,000 to correct the defective floor. Plaintiff alleges that prior to the reconstruction he was not aware of the cause of the condition, i. e. that he had a claim under the Homeowner's Policy. The plaintiff filed his suit on October 26, 1960.

Among other provisions of the policy relating to the rights and obligations of the parties in case of loss were: (1) that the insured must give written notice of loss immediately and furnish a complete inventory showing the amount of the claim; (2) within sixty days after the loss, the insured must render written proofs of loss, stating his knowledge and belief, among other things, as to the time and origin of the loss and the amount thereof; (3) the company is given an option to repair the property damaged, on giving notice of its intention to do so within thirty days after its receipt of written proofs of loss; (4) the amount of loss is payable sixty days after proofs of loss are received and ascertainment of loss is made either by agreement of the parties or by filing an arbitration award.

 Plaintiff's position on this appeal is: (1) that the loss cannot be considered to have occurred until the home owner has become apprised of the extent of the loss in relation to the terms of the insurance policy; and (2) that the twelve month limitation period does not begin to run until the sixty-day proof of loss period has expired because the proof of loss cannot be filed until the loss is ascertained.

The above question has not been decided in Illinois in relation to a homeowner's insurance policy, although it is well settled that in a fire insurance policy the suit must be brought within twelve months of the loss regardless of the sixty-day proof of loss period. In Johnson v. Humboldt Ins. Co., 91 Ill 92 (1878); 7 Couch on Insurance, Sec 1631, where a claim

was brought following a fire, the court stated at 95, 96:

> "It is, however, insisted, the clause in the policy that the loss was to be paid sixty days after due notice and proof of the same should be made by the assured, and received at the office of the company, limits and controls the after-inserted condition prohibiting the bringing of an action more than twelve months after the loss should occur. We are unable to perceive that it controls this condition. If either has that effect, it would seem the latter controls the former. The two clauses considered together, obviously provide that the company shall have sixty days within which to make payment, after notice and proof of loss, but in no event should a suit or action be commenced after the expiration of twelve months from the date of the fire producing the loss. Any other meaning attached to the language, it seems to us, would be strained, unreasonable, and in direct violation of the plain intention of the parties, clearly expressed."

Plaintiff contends that the "plain words" approach of the Johnson case does not apply to a similar clause in a homeowner's policy, because of the nature of the particular loss, which might arise under the policy and the intermingling of the clauses therein. The loss in this case arose through a defect caused by the pressure of underground water. Until the floor was actually chopped up, the plaintiff did not know what caused the bump in the floor and apparently assumed that the bump was caused by a condition which was excepted by the terms of the policy.

We realize that ascertainment of a loss which has resulted from a progressive latent condition is more difficult than the immediately obvious results of a fire. We do not believe, however, that the time of

77

the discovery of the loss can be left completely to the whimsy of the insured. Recently, the rule that an action must be "commenced within twelve months next after inception of the loss" was applied to a loss involving successive acts of vandalism. In Sager Glove Corporation v. Aetna Insurance Company, 317 F2d 439 (1963) (7th CCA) plaintiff alleged that acts of vandalism and malicious mischief occurred between February 1, 1953, and January 14, 1955. It was further alleged that the various acts of vandalism and malicious mischief were not discovered by it until January 14, 1955, and that upon discovery defendants were immediately notified. In that case, plaintiff's theory that the twelve-month time limitation did not begin to run until the loss was discovered was rejected. (The Sager policy did not contain a sixty-day proof of loss clause.) The court stated:

> "We have found no Illinois cases where the phrase involved here—'twelve months next after inception of the loss'—has been discussed as to losses from vandalism or malicious mischief. It is our conclusion that the meaning of the phrase is quite clear. It has nothing to do with the state of mind of the insured. It deals with an objective fact which in the context of this case is a specific act of vandalism or malicious mischief. The loss occurs and has its 'inception' whether or not the insured knows of it."

We readily agree with the plaintiff that if we were to apply the inception of the loss rule to the progressive loss in this case a harsh result would follow. That question is not involved here, however. The plaintiff did not even bring suit within a year of the time he alleged that the defective floor condition was fully developed. The case of Trust Co. of Chicago v. Iroquois Auto Ins. Underwriters, Inc., 285 Ill App 317, 2 NE2d 338 (1936) does not help plain-

tiff's cause. In that case the defendant insurance company contended that the suit was not brought within 12 months of the loss—the accident out of which the suit arose. This court held that since the policy provided indemnity to the insured, the loss did not occur until a judgment was entered against the insured. The date of judgment was well within the twelve month limit and the suit was upheld.

In this case, the plaintiff takes the position that on May 31, 1959, the room was unusable because of the shifting of floor and walls. And yet he allowed this condition to exist for over five months without caring to discover whether the damage was covered and not even attempting to fix it. We feel, as did the court in the Sager case, that the determination of the time of the loss cannot be left to the insured. The insurance company has certain investigative procedures, which must be brought to bear on a particular loss if they are to remain in business. If plaintiff's interpretation should be followed, there would be no time limitation between the occurrence of the damage and the time for filing the suit. The only determining factor would be the date on which the proof of loss was filed. An insurance company would be greatly prejudiced.

Plaintiff's position that it is impossible to comply with the proof of loss procedure where a latent condition is involved is not well taken. The usual method of dealing with a loss situation is through estimates on the damage and immediate notice to the insurance company where there is any possibility of loss. Where the condition does not appear at all to be within the bounds of the policy, it does not seem particularly burdensome to expect that the work will be done soon after the occurrence of the damage, so that in the event a possible liability may arise, a suit might still be brought within "twelve months next after inception of the loss." Here, on May 31, 1959, the plain-

79

tiff knew there was damage to the room. The plaintiff did not discover the extent of the loss at that time only because he did not seek to discover it.

Looking at the date, May 31, 1959, this case is no different from the Johnson case. True, the plaintiff did not definitely know that this particular loss would be covered. He did know, however, or should have known, that he had no more time than "twelve months next after inception of the loss" within which to bring his suit. Again, it is not necessary to determine the inception of the loss in this case. Taking inception in its most favorable interpretation for plaintiff, this suit was not brought within twelve months of the occurrence.

There is nothing to be gained by discussing cases from other jurisdictions. Cases as old as the Johnson case and as new as Midwest Triangle Paint Works, Inc. v. Firemen's Ins. Co., 36 Ill App2d 65, 183 NE 2d 562 (1962) have held that the sixty day proof of loss period does not extend the twelve month limitation clause. We readily concede that many other jurisdictions adhere to a different rule (7 Couch on Insurance, sec 1631), but we believe that the rule in Illinois remains well reasoned and is fair to all parties.

The judgment is affirmed.

Judgment affirmed.

BURKE, P. J. and FRIEND, J., concur.