## JEROME STOFFERAHN v. GREAT AMERICAN INSURANCE COMPANY.

244 N. W. 2d 160.

July 9, 1976—No. 46318.

*Dennis R. Peterson* and *Michael B. Goodman,* for appellant. *Cousineau, McGuire, Shaughnessy & Anderson* and *Harold J. W. Sweet,* for respondent.

PER CURIAM.

On October 17, 1972, Jerome Stofferahn, plaintiff, acting in the course and scope of his employment as a police officer for the village of Oronoco, was involved in an automobile accident while attempting to make a lawful arrest of one James D. Hoeft. As a result of the accident, Officer Stofferahn was injured.

At the time of the accident, the village of Oronoco was a party to a contract of insurance issued by Great American Insurance Company, defendant, and covering the police vehicle which Officer Stofferahn was driving at the time of the accident. The policy had become effective on June 1, 1972.

Subsequent to the accident, Officer Stofferahn obtained a settlement from Hoeft in the amount of $20,000, the per person liability limit of Hoeft's insurance policy. He then brought this action against Great American, alleging that it failed to comply with a duty, under Minn. St. 1971, §§ 65B.25 and 65B.26(d), to make available to the village of Oronoco underinsured motorist coverage, which coverage would have compensated Officer Stofferahn for the damages which he sustained in excess of the $20,000 he recovered from Hoeft. The trial court granted Great American summary judgment. We affirm.

In 1969, the legislature enacted the Supplemental Coverage Act, Minn. St. 1971, §§ 65B.24-65B.27.[1] Minn. St. 1971, § 65B.25 provided:

"No automobile liability or motor vehicle liability policy of insurance shall be renewed, issued, or delivered in this state *with respect to any automobile* registered or principally garaged in this state unless coverages are made available to the named insured therein or supplemental thereto as set forth in section 65B.26, provided, however, that the named insured shall have

---

[1] Repealed by L. 1974, c. 408.

the right to accept in writing all or any one or more of such coverages." (Italics supplied.)

One of the supplemental coverages set forth in § 65B.26 was the following:

"(d) Beginning January 1, 1972, underinsured motorist coverage, whereby subject to the terms and conditions of such coverage the insurance company agrees to pay its own insured for such uncompensated damages as he may recover on account of an automobile accident because the judgment recovered against the owner of the other vehicle exceeds the policy limits thereon, to the extent of the policy limits on the vehicle of the party recovering or such smaller limits as he may select less the amount paid by the liability insurer of the party recovered against. His insurance company shall be subrogated to any amounts it so pays, and upon payment shall have an assignment of the judgment against the other party to the extent of the money it pays."

However, § 65B.24 provided as follows:

"Subdivision 1. *For the purposes of sections 65B.24 to 65B.-27*, the words defined in this section shall have the meanings given them.

"Subd. 2. 'Automobile' means a four-wheeled passenger motor vehicle designed for use upon public roads *and owned by a natural person*, including trailers designed for use with such motor vehicles, but does not include a motorcycle or a motorcycle with a side car attached thereto." (Italics supplied.)

The vehicle which Officer Stofferahn was driving at the time of the accident was owned by the village of Oronoco which is a municipal corporation and not a natural person. Thus, Great American was not required to make available to the village underinsured motorist coverage with respect to that automobile, and the award of summary judgment was proper.[2]

---

[2] While we do not presume to be certain of the intent of the legislature in exempting non-natural persons—corporations, partnerships, etc.—from the provisions of the Supplemental Coverage Act, we note

Plaintiff's argument that Great American is estopped from denying that it is required to make the coverage available to the village lacks merit. Not only did plaintiff fail to produce any evidence that Great American represented that such coverage was provided the village, the pleadings contain no allegation of any form of detrimental reliance on his part. "In the absence of inducement and reliance, no estoppel is created." Lampert Yards v. Thompson-Wetterling Const. & Realty, 302 Minn. 83, 90, 223 N. W. 2d 418, 422 (1974).

Affirmed.

---

that a corporation can only operate a motor vehicle through an agent or employee. An employee injured while operating his employer's vehicle in the scope of his employment would be covered by workers' compensation insurance. A corporation which purchased underinsured motorist coverage would thus be obtaining duplicate coverage for its employees.