LILLIAN H. FLORSHEIM, Plaintiff-Appellant, *v.* TRAVELERS INDEMNITY
CO. OF ILLINOIS, Defendant-Appellee.

First District (4th Division)   No. 79-87

Opinion filed August 9, 1979.

Harold C. Hirshman and Howard B. Prossnitz, both of Sonnenschein, Carlin Nath & Rosenthal, of Chicago, for appellant.

William J. Sneckenberg, of Lev and Sneckenberg, of Chicago, for appellee.

Mr. JUSTICE ROMITI delivered the opinion of the court:

The plaintiff filed a belated claim against her property insurer; the trial court granted the insurer's motion for summary judgment on the grounds the one-year period of limitations had expired. The principal issue on appeal is whether the plaintiff's belief that the insurer would reconsider its denial of liability if she produced evidence proving the claim was covered excused the untimely filing of the suit. A minor issue is whether the plaintiff's claim for punitive damages for the defendant's allegedly wrongful denial of liability was properly dismissed.

On December 16, 1977, the plaintiff Florsheim filed a verified complaint against Travelers Indemnity Company of Illinois (Travelers) alleging in count I that she had been insured under a homeowner's policy issued by Travelers for the period August 21, 1976, through August 21, 1977, which policy was attached to the complaint; that on or about August 23, 1976, the plaintiff discovered that a Vasarely painting owned by her and kept in her residence had been severely damaged and that numerous stains or spots were visible on the surface of the painting; that the painting was insured by the policy; that on or about August 23, 1976, plaintiff notified Travelers of the loss and that she had performed all terms and conditions of the policy; and that she had repeatedly demanded that Travelers reimburse her for the loss. The plaintiff in count I sought to recover $60,000 plus interest and costs, including attorney's fees. In count

II, the plaintiff, in addition to the allegation in count I, alleged that a fiduciary relationship existed between the insurer and the insured and that the defendant wilfully and wantonly breached its fiduciary duties by deliberately and wrongfully denying that the policy applied to the loss; the plaintiff in count II sought to recover $100,000 punitive damages and such other relief as the court deemed just. The policy attached to the complaint provided that any suit on the policy must be brought within one year of the inception of the loss.

The defendant in an unverified answer denied that the plaintiff performed all of the policy conditions and specifically alleged that suit was not timely and asked for the complaint to be dismissed. It also in a separate motion sought to have count II dismissed for failure to state a cause of action. Thereafter it filed a motion for summary judgment on the grounds that there was no issue of fact and it was entitled to judgment as a matter of law. The deposition of Florsheim and the affidavit of defendant's claims adjuster were attached. The deposition disclosed that Florsheim discovered the loss on August 16, 1976, after a painter had painted her house. She reported it immediately to her insurance brokers. She also immediately called certain persons including Tim Lennon at the Art Institute to try to determine the cause of the spots. Lennon later informed her he had recreated the spots on a picture by spilling turpentine on it. The insurance company denied coverage on May 20, 1977, on the theory that the loss was caused by a latent defect; specifically that some salad oil had been spilled on the canvas before the paint was applied. When plaintiff received the letter from Travelers she called one of the art experts Travelers had consulted and he told her "it would never hold up in court." She then had the picture photographed by infrared and ultraviolet light.

Florsheim also stated in her deposition that she had been away on trips the month of October 1976, from January 17 to February 13, 1977, from March 18 to March 22, 1977, and from July 19 to August 21, 1977. She did not consult an attorney until September 1977. As far as she could remember no one from the company told her she would not have to file her claim within one year from the date of the loss.

The plaintiff in her affidavit in opposition to the motion for summary judgment alleged in part:

1. that she was 82 years old;

2. that after she filed her claim with Travelers they investigated the loss for approximately nine months during which time they consulted with various experts;

3. that Travelers denied liability relying on the opinion of one expert that salad oil had been spilled on the unfinished canvas;

4. that since Travelers had consulted with various experts as to

the cause of damage she believed that if Travelers was given conclusive photographic evidence that the damage could not have been caused by a substance rising to the surface of the painting, but instead had been splattered by a substance coming from outside, then Travelers would at least consider such evidence;

5. that accordingly immediately after learning of the salad oil theory, she retained Mr. Barry Bauman of the Art Institute of Chicago to take ultraviolet and infrared photographs of the Vasarely which revealed that the foreign material had entered through the front of the painting and had seeped into the paint surface, rather than coming from underneath the paint surface as suggested by Mr. Berger;

6. that photographic evidence conclusively disproved the theory on which Travelers denied liability since that theory rested entirely on the assumption that the substance had come from underneath the paint layer;

7. that soon after receiving the photographs from Mr. Bauman she made these photographs available to Travelers for their examination; however, Travelers refused to even examine these photographs on the grounds that the one-year policy limitation had expired;

8. that from the inception of the loss until December 2, 1977, she believed that the Travelers would pay her claim, and that she never read any policy provision requiring that suit be brought within one year. Moreover, at *no* time did anyone from the Travelers or anyone acting on their behalf call such a policy provision to her attention;

9. that from July 19, 1977, through August 21, 1977, she was on vacation in Aspen, Colorado, and therefore she was out-of-town during a significant portion of the period from May 20, 1977, through August 23, 1977, when Travelers claims she should have filed suit;

10. that when she requested a copy of the policy from her insurance agent, the agent was unable to find it as indicated by his letter of November 8, 1977. However, when she retained an attorney to request the policy, her insurance agent found the policy one week later.

The plaintiff also moved for judgment on the pleadings on the grounds that the defendant's answer was not properly verified (which was true) and that, therefore, the allegations of the complaint must be deemed admitted.

Arguments on all of the motions were heard on November 6, 1978. The plaintiff's motion was not disposed of since the defendant claimed it

had filed a properly verified answer. (This, in fact, was not accurate; the answer in question was not filed until November 13, 1978, one day before the plaintiff took this appeal.) After argument the court ruled that the suit on count I was barred by the one-year period of limitations and that count II must fall since one cannot recover punitive damages without recovering actual damages.

## I.

■■ The plaintiff alleged in her complaint that she had complied with all the conditions of the policy. That same complaint disclosed, however, that in fact the policy required suit to be brought within one year from the inception of the loss and that it was not. A pleading which affirmatively shows a breach of the policy by the plaintiff without alleging a waiver of such breach is defective and subject to dismissal. (20A Appleman, Insurance Law and Practice §11845 (1963).) If the insured relies on the waiver or estoppel it must be pleaded or it cannot be invoked (*Beck v. Capitol Life Insurance Co.* (1977), 48 Ill. App. 3d 937, 363 N.E.2d 170; *Hartford Accident & Indemnity Co. v. D. F. Bast, Inc.* (1977), 56 Ill. App. 3d 960, 372 N.E.2d 829; *Johnson v. Johnson* (1975), 26 Ill. App. 3d 64, 324 N.E.2d 450; *East St. Louis Lumber Co. v. United States Branch of London Assurance Corp.* (1927), 246 Ill. App. 574, *cert. denied*; Ill. Rev. Stat. 1977, ch. 110, par. 43(4)), and where the recovery sought is based solely upon the performance of the policy conditions, the plaintiff cannot thereafter shift her position and rely on a waiver or estoppel which has not been alleged. (*Feder v. Midland Casualty Co.* (1925), 316 Ill. 552, 147 N.E. 468.) Here, however, the defendant waived any objection that the matter was not in issue by failing to object when the plaintiff raised it in her answer to the motion for summary judgment. *Beck v. Capitol Life Insurance Co.* (1977), 48 Ill. App. 3d 937, 363 N.E.2d 170.

## II.

■■ It is well settled that a contractual limitation requiring suit to be brought within a specific period of time is valid if reasonable even though the period provided by general statute of limitations as to suits on written contract is longer. (20 Appleman, Insurance Law and Practice §11601 (1963); See *Stofer v. Motor Vehicle Casualty Co.* (1977), 68 Ill. 2d 361, 369 N.E.2d 875.) Consequently, an action brought after the expiration of the one-year period is barred unless the insurer by its conduct is precluded from raising the defense.

■■ The plaintiff contends that the insurer cannot rely on the limitation period where it would be unjust, inequitable or unconscionable to the insured to permit it and that the basic issue is whether the "salad oil theory" is so far fetched that the plaintiff could have reasonably believed the insurer would change its mind if proof to the contrary was produced.

A limitation period is enforceable even though the claim was meritorious and the insurer should have paid it, unless the insurer because of its conduct waives or is estopped from relying on the bar. *German v. Continental Casualty Co.* (1978), 58 Ill. App. 3d 22, 373 N.E.2d 1058; *Midwest Triangle Paint Works, Inc. v. Firemen's Insurance Co.* (1962), 36 Ill. App. 2d 65, 183 N.E.2d 562.

■■ A waiver is an intentional relinquishment of a known right. (*Salloum Foods & Liquor, Inc. v. Parliament Insurance Co.* (1979), 69 Ill. App. 3d 422, 388 N.E.2d 23; *Hartford Accident & Indemnity Co. v. D. F. Bast, Inc.* (1977), 56 Ill. App. 3d 960, 372 N.E.2d 829; *Pantle v. Industrial Com.* (1975), 61 Ill. 2d 365, 335 N.E.2d 491.) To constitute a waiver the words or conduct of the insurer must have been inconsistent with its intention to rely on the requirements of the policy. (*Tarzian v. West Bend Mutual Fire Insurance Co.* (1966), 74 Ill. App. 2d 314, 221 N.E.2d 293; *C. A. Enterprises, Inc. v. Employers Commercial Union Insurance Co. of America* (1978), ___ Ind. App. ___, 376 N.E.2d 534.) The plaintiff does not refer us to any evidence which would tend to establish such conduct by the insurer nor does our search of the record reveal any. To the contrary, the record shows that the insurer denied liability in May 1977 and did nothing thereafter to indicate either that it would reconsider its decision or that it would waive the period for bringing suit. There was no waiver. *C. A. Enterprises, Inc. v. Employers Commercial Union Insurance Co. of America* (1978), ___ Ind. App. ___, 376 N.E.2d 534.

■■ Estoppel implies the prejudicial reliance of the insured upon some act, conduct or nonaction of the insured. (*Salloum Foods & Liquor, Inc. v. Parliament Insurance Co.* (1979), 69 Ill. App. 3d 422, 388 N.E.2d 23; *DeGraw v. State Security Insurance Co.* (1976), 40 Ill. App. 3d 26, 351 N.E.2d 302, *appeal denied* (1976), 64 Ill. 2d 595.) An estoppel may be found even though the insurer neither intended to mislead (*Salloum Foods & Liquor, Inc. v. Parliament Insurance Corp.* (1979), 69 Ill. App. 3d 422, 388 N.E.2d 23; *Therrien v. Maryland Cas. Co.* (1951), 97 N.H. 180, 84 A.2d 179), nor to relinquish its own rights. (*Employers Commercial Union Insurance Co. of America v. Great American Insurance Co.* (1973), 214 Va. 410, 200 S.E.2d 560; *Seavey v. Erickson* (1955), 244 Minn. 232, 69 N.W.2d 889.) Nevertheless, to establish an estoppel the insured must show that it was in some manner misled by the acts or statements of the insurer or its agents (*Salloum Foods & Liquor, Inc. v. Parliament Insurance Corp.* (1979), 69 Ill. App. 3d 422, 388 N.E.2d 23; *Allstate Insurance Co. v. National Tea Co.* (1975), 25 Ill. App. 3d 449, 323 N.E.2d 521, *appeal denied* (1975), 58 Ill. 2d 596; *Lincoln-Way Community High School District 210 v. Village of Frankfort* (1977), 51 Ill. App. 3d 602, 367 N.E.2d 318; *Neuman v. Travelers Indemnity Co.* (1974), 271 Md. 636, 319

A.2d 522; *C. A. Enterprises, Inc. v. Employers Commercial Union Insurance Co. of America* (1978), ___ Ind. App. ___, 376 N.E.2d 534; that the insured relied on this conduct or representation (*Salloum Foods & Liquor, Inc. v. Parliament Insurance Corp.* (1979), 69 Ill. App. 3d 422, 388 N.E.2d 23; *Hartford Accident & Indemnity Co. v. D. F. Bast, Inc.* (1977), 56 Ill. App. 3d 960, 372 N.E.2d 829; *Johnson v. Johnson* (1975), 26 Ill. App. 3d 64, 324 N.E.2d 451; *DeBoer Construction, Inc. v. Reliance Insurance Co.* (10th Cir. 1976), 540 F.2d 486, *cert. denied* (1977), 429 U. S. 1041, 50 L. Ed. 2d 753, 97 S. Ct. 741; *Hall v. Motorists Insurance Corp.* (1973), 109 Ariz. 334, 509 P.2d 604; *Stofferahn v. Great American Insurance Co.* (1976), 309 Minn. 320, 244 N.W.2d 160; *Nolden v. Mutual Benefit Life Insurance Co.* (1977), 80 Wis. 2d 353, 259 N.W.2d 75); that such reliance was reasonable (*Salloum Foods & Liquor, Inc. v. Parliament Insurance Corp.* (1979), 69 Ill. App. 3d 422, 388 N.E.2d 23; *Lincoln-Way Community High School District 210 v. Village of Frankfort* (1977), 51 Ill. App. 3d 602, 367 N.E.2d 318; *Jefferson Realty of South Dade, Inc. v. Fidelity & Deposit Co.* (5th Cir. 1969), 410 F.2d 847; *American Bank & Trust Co. v. Trinity Universal Insurance Co.* (1967), 251 La. 445, 205 So. 2d 35; *Johnson v. Liberty Mutual Insurance Co.* (1973), 113 N.H. 8, 300 A.2d 57; *Martinson v. American Family Mutual Insurance Co.* (1974), 63 Wis. 2d 14, 216 N.W.2d 34); and that the insured was prejudiced thereby. *Old Mutual Casualty Co. v. Clark* (1977), 53 Ill. App. 3d 274, 368 N.E.2d 702; *Johnson v. Johnson* (1975), 26 Ill. App. 3d 64, 324 N.E.2d 451.

■■ The insurer in this case very explicitly denied liability three months before the period of limitation expired, ample time in which to file suit. We need not decide whether the insurer's delay in denying liability was sufficient to excuse the insured's filing before May 1977 since even where there was an inducement for delay, if that inducement has ceased to operate before the expiration of the policy period and the plaintiff has a reasonable time within which to institute suit he cannot raise estoppel as an excuse for not filing his action within the limitation period. (*Salloum Foods & Liquor, Inc. v. Parliament Insurance Corp.* (1979), 69 Ill. App. 3d 422, 388 N.E.2d 23; *Suing v. Catton* (1970), 118 Ill. App. 2d 468, 254 N.E.2d 806.) Thus, even where the defendant has engaged in settlement negotiation, which the insurer did not do here, no estoppel has been found, as a matter of law, where negotiations were broken off and liability denied two or three months before the period expired (*Reat v. Illinois Central Railroad Co.* (1964), 47 Ill. App. 2d 267, 197 N.E.2d 860), or even five or six weeks before it expired. *Midwest Triangle Paint Works, Inc. v. Firemen's Insurance Co.* (1962), 36 Ill. App. 2d 65, 183 N.E.2d 562.

■■ ■ The plaintiff has given four reasons why her failure to file suit within the three month period should be excused: First, that she was out

of town on vacation much of the time, second, that she believed that the insurer might reconsider its denial if evidence proving coverage were submitted and it took time to collect that evidence, third, that she was not warned of the one-year limitation period and fourth, that her agent could not find the policy. The first contention is obviously without merit. A person may elect to go on vacation rather than file suit, but then he or she must accept the consequences. Certainly the insurer cannot be held responsible for the insured's desire to spend the summer in Colorado rather than Chicago. Nor does the insured's second contention have any more merit than the first. The insured has never claimed that anyone from the company told her she did not need to file suit within a year. Nor can she claim that the insurer negotiated up to or even past the time for filing suit, thus misleading her into believing that the claim would be settled without suit as was the situation in *O'Brien v. Country Mutual Insurance Co.* (1969), 105 Ill. App. 2d 21, 245 N.E.2d 30, relied on by the plaintiff. As we noted earlier, there were no negotiations and liability was denied long before the period expired. All she contends is that she believed that the company, although it unconditionally denied liability, would, if presented with evidence unconditionally refuting its theory, at least reconsider its position. She is not claiming that she relied on any action of the company, and a company can only be estopped by its own conduct or that of its agents. She is claiming only that she relied upon *her own belief* as to what an insurance company would do in the situation. Moreover, her reliance on that belief and her consequent failure to file suit were not reasonable. A person cannot unilaterally assume that an insurer will reconsider its position when it has given no indication that it would, and relying on that assumption, fail to file suit. Furthermore, even if the belief and reliance on it were reasonable, the plaintiff clearly failed to act with diligence. She has contended on appeal that she made no investigation until after the insurer denied liability. This is contradicted by her deposition in which she stated she consulted several experts, including one from the Art Institute of Chicago who, after making some experiments, said similar stains had been caused by turpentine. Once Travelers denied liability, she did retain another expert to take ultraviolet and infrared photographs. According to the memorandum she submitted to the trial court, these were completed on July 20, 1977. Yet apparently they were not submitted to the insurer until after August 23, 1977, since when they were submitted Travelers refused to examine them because the limitation period had expired. (Had it examined them, it obviously risked the danger a court would find it had waived the limitation period.) Indeed, it does not even appear she notified Travelers that she was obtaining these tests and wanted Travelers to examine the photographs when they were completed.

The plaintiff also contends that the insurer should be barred from

relying on the limitation period since it did not inform her when it rejected the claim that she had to file suit within three months. The insured is charged with notice of the contents of the insurance policy (*Polzin v. Phoenix of Hartford Insurance Companies* (1972), 5 Ill. App. 3d 84, 283 N.E.2d 324; *Proctor v. Southland Life Insurance Co.* (Tex. Civ. App. 1975), 522 S.W.2d 261, *error refused*); she cannot blame the insurer for her failure to read the policy to discover the requirements for bringing suit. It is not the duty of the insurer to inform the insured of her duties. *Paul v. Fidelity & Casualty Ins. Co..* (1904), 186 Mass. 413, 71 N.E. 801; *Bollinger v. National Fire Ins. Co.* (Cal. 1944), 147 P.2d 611, *subsequent opinion* (1944), 25 Cal. 2d 399, 154 P.2d 399; 20A Appleman, Insurance Law and Practice §11639 (1963).

■■ ■ Nor is the insurer barred from relying on the contractual limitations period by the broker's inability to find the policy. First of all, as the insured herself stated, the broker was her agent. It was not acting as an agent of the insurance company and the insurer is not bound by its conduct. (*Insurance Co. of North America v. Midwest Transfer Co.* (7th Cir. 1949), 178 F.2d 191; *Galiher v. Spates* (1970), 129 Ill. App. 2d 204, 262 N.E.2d 626; *Lynn v. Village of West City* (1976), 36 Ill. App. 3d 561, 345 N.E.2d 172.) Second, the unsuccessful attempt to locate the policy occurred on November 8, 1977, long after the period expired. Ordinarily acts and conduct arising after the expiration of the time period for bringing suit cannot be relied upon to create an estoppel. *Cardente v. Travelers Insurance Co.* (1974), 112 R.I. 713, 315 A.2d 63.

Finally we recognize that normally questions of waiver and estoppel are for the trier of fact. (*Lee v. Ohio Casualty Insurance Co.* (1978), 58 Ill. App. 3d 1, 373 N.E.2d 1027, *appeal denied* (1978), 71 Ill. 2d 609.) This does not mean however that summary judgment is never appropriate. (*Doll v. Farmers Automobile Insurance Association* (1977), 54 Ill. App. 3d 868, 370 N.E.2d 258, *appeal denied* (1978), 71 Ill. 2d 597; see also *Salloum Foods & Liquor, Inc. v. Parliament Insurance Co.* (1979), 69 Ill. App. 3d 422, 388 N.E.2d 23.) The court had before it the motion and response and supporting verifications including the deposition of the plaintiff. The parties had full opportunity to provide any support which was available to the parties at the time of the hearing on the motion for summary judgment and were obligated to do so. The trial court found that no genuine issue of material fact was raised with respect to possible waiver or estoppel and we agree.

## III.

■■ The plaintiff in this court has raised the contention that the limitation period was tolled during the insurer's investigation of the claim.

We recognize that certain courts have adopted the rule that the period is tolled from the date proofs of loss are filed until the date the claim is denied (*e.g., Peloso v. Hartford Fire Insurance Co.* (1970), 56 N.J. 514, 267 A.2d 498; *Tom Thomas Organization, Inc. v. Reliance Insurance Co.* (1976), 396 Mich. 588, 242 N.W.2d 396), or even that the period does not begin to run until the claim is denied. (*Phoenix Insurance Co. v. Brown* (1964), 53 Tenn. App. 240, 381 S.W.2d 573; *Trinity Universal Insurance Co. v. Howeth* (Tex. Civ. App. 1967), 419 S.W.2d 704; *Fireman's Fund Insurance Co. v. Sand Lake Lounge, Inc.* (Alas. 1973), 514 P.2d 223.) We are sympathetic with the insured's argument that the insurer by consuming a long period of time in investigation should not be allowed to reduce the insured's time in which to investigate the facts to determine whether a suit should be filed to only a couple of months, and that not tolling the period encourages litigation since the insured may be required to file suit to preserve his rights before determining whether the claim has any merit. Nevertheless, we do not believe it is for us to adopt such a rule. It has been well established in Illinois for nearly a century that the period of limitations runs from the date of loss (*Posner v. Firemen's Insurance Co.* (1964), 49 Ill. App. 2d 209, 199 N.E.2d 44, *appeal denied* (1964), 30 Ill. 2d 627; *Naghten v. Maryland Casualty Co.* (1964), 47 Ill. App. 2d 74, 197 N.E.2d 489, *appeal denied*), and not from the time the loss became payable 60 days after the proofs of loss are filed (*Johnson v. Humboldt Insurance Co.* (1878), 91 Ill. 92; *Naghten v. Maryland Casualty Co.* (1964), 47 Ill. App. 2d 74, 197 N.E.2d 489, *appeal denied*), or from the date of the arbitration award. (*Western Coal & Dock Co. v. Traders' Insurance Co.* (1905), 122 Ill. App. 138.) If this longstanding rule is to be altered, it should be done by the supreme court, not by us.

## IV.

The plaintiff also argues that because the defendant failed to verify its answer, the defendant was not entitled to summary judgment and the plaintiff was entitled to judgment on the pleadings. We cannot agree with either contention, even if we assume that the defendant's correctly verified answer filed on November 13 was defective because untimely. ■■■■ First, the motion for summary judgment was properly granted. Where the complaint is verified, an unverified answer must be disregarded as an answer. (*Capitol Records, Inc. v. Vee Jay Records, Inc.* (1964), 47 Ill. App. 2d 468, 197 N.E.2d 503.) The effect is obviously as if the defendant had filed no answer at all. But Illinois law permits a defendant to file a motion for summary judgment at any time even before an answer is filed (*Metropolitan Sanitary District v. Anthony Pontarelli & Sons, Inc.* (1972), 7 Ill. App. 3d 829, 288 N.E.2d 905, *appeal denied* (1973),

53 Ill. 2d 603; Ill. Rev. Stat. 1977, ch. 110, par. 57(2)), and an affirmative defense may be raised in the motion for summary judgment even though it was not raised an an answer. (*Metropolitan Sanitary District v. Anthony Pontarelli & Sons, Inc.* (1972), 7 Ill. App. 3d 829, 288 N.E.2d 905, *appeal denied* (1973), 53 Ill. 2d 603.) There was nothing in the plaintiff's answer or affidavit which overcame the facts clearly established by the plaintiff's own verified complaint: the loss occurred by August 23, 1977, at the latest, the policy required suit to be brought within one year after the inception of the loss, it was not, and the delay was not excused by the insurer's conduct.

Likewise, the plaintiff was not entitled to judgment on the pleadings. As we already noted, a failure to file a verified answer where such is required constitutes a failure to plead. A failure to answer admits well-pleaded facts. (*Roth v. Roth* (1970), 45 Ill. 2d 19, 256 N.E.2d 838; *Hecht v. Hecht* (1977), 49 Ill. App. 3d 334, 364 N.E.2d 330; Ill. Rev. Stat. 1977, ch. 110, par. 40(2).) This is all the effect it has. It only admits facts well pleaded (*Mid-City National Bank v. Mar Building Corp.* (1975), 33 Ill. App. 3d 1083, 339 N.E.2d 497); it does not admit the truth of legal conclusions alleged (*People ex rel. Lacanski v. Backes* (1960), 19 Ill. 2d 541, 169 N.E.2d 80); nor does it admit that the facts alleged constitute a cause of action (*People ex rel. Lacanski v. Backes* (1960), 19 Ill. 2d 541, 169 N.E.2d 80); nor does it act to admit facts not alleged in the complaint. *City of Freeport v. Bauch* (1959), 21 Ill. App. 2d 120, 156 N.E.2d 876 (abstract); *Cramer v. Bode* (1887), 24 Ill. App. 219.

As we noted in the first part of our opinion, the plaintiff's complaint disclosed that it was not timely brought. Furthermore, it did not allege facts tending to show that the particular loss was covered. While the complaint alleged that the loss was discovered on August 23, 1976, it does not allege that the loss occurred on or after August 21, 1976, the first day of policy coverage. Accordingly, even in the absence of the defendant's motion for summary judgment, the plaintiff would not have been entitled to judgment on the pleadings since taking the well-pled facts in the complaint as true, they still do not establish a right to recover on the policy.

## V.

■■ Finally, the plaintiff contends that the trial court erred in dismissing the claim for punitive damages. It is true that the contractual limitation period generally does not apply to different or collateral actions involving, in some measure, the policy proceeds or growing out of the insurer's duties to the insured. (20 Appleman, Insurance Law and Practice §11603 (1963).) However, Illinois like most States (22 Am. Jur. 2d *Damages* §241

(1965)), does not recognize a cause of action for punitive damages alone; the plaintiff can only be awarded punitive damages where actual damage is shown. (*Tonchen v. All-Steel Equipment, Inc.* (1973), 13 Ill. App. 3d 454, 300 N.E.2d 616, *appeal denied* (1973), 54 Ill. 2d 599.) The plaintiff here cannot recover actual damages since she cannot now recover on the policy and she has not claimed any other injury which might give rise to a claim for compensatory damages. Absent such a claim, the claim for punitive damages had to fall when the claim for actual damages (the amount of the loss) fell.

In addition, we note that the complaint was insufficient to allege a claim for punitive damages. In general, punitive damages may not be awarded in an action on a contract; they may be awarded in an unusual case where an independent wilful tort is found. (*Ledingham v. Blue Cross Plan for Hospital Care* (1975), 29 Ill. App. 3d 339, 330 N.E.2d 540, *reversed on other grounds* (1976), 64 Ill. 2d 338, 356 N.E.2d 75; 20 Appleman, Insurance Law and Practice §11255 (1963).) The plaintiff merely alleged that the "defendant has wilfully and wantonly breached its fiduciary duties to plaintiff by deliberately and wrongfully denying that said policy applies to the aforesaid loss." This is insufficient to allege anything more than a breach of contract. Most refusals to conform to a contract are deliberate; if recovery is allowed, they obviously are wrongful. The plaintiff has not alleged outrageous conduct such as was found in *Fletcher v. Western National Life Insurance Co.* (1970), 10 Cal. App. 3d 376, 89 Cal. Rptr. 78; see also 16 Appleman, Insurance Law and Practice §8881 (1968); 20 Appleman, Insurance Law and Practice §11255 (1963); Annot., 37 A.L.R. 2d 538 (1954).

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.