DR. WILLIAM A. JACKSON, Plaintiff-Appellant, *v.* HOWARD E. HOOVER *et al.*, Defendants-Appellees.

(No. 59703; ▮▮▮▮▮▮▮▮

First District (3rd Division)—November 7, 1974.

*Rehearing denied January 9, 1975.*

Nicholas Liontakis, of Piacenti, Cifelli & Pigato, of Chicago Heights, for appellant.

Elmer F. Slovacek, of Slovacek and Galliani, of Chicago, for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County dismissing all four counts of plaintiff's complaint which arose out of an alleged rear end collision that occurred on July 13, 1969. The complaint was filed on November 3, 1971, approximately 3½ months after the 2-year statute of limitations had run. (Ill. Rev. Stat. 1973, ch. 83, par. 15.) Plaintiff alleged, *inter alia*, that the defendants were estopped to assert the statute of limitations as a defense and at a hearing in the trial court on defendant's motion for a preliminary resolution of the issue of estoppel

the trial court ruled that the defendants were not estopped to assert the statute of limitations as a defense and dismissed all four counts of the complaint.

Order vacated and cause remanded with directions.

Plaintiff contends (1) that the trial court erred in dismissing Count I of the complaint because the issue of estoppel involved a question of fact which should have been decided by a trier of fact; (2) that the trial court compounded this error by assuming that since Count I had to be dismissed, the remaining Counts, II, III, and IV, had to be dismissed as well.

Defendants, on the other hand, contend (1) the trial court actually decided the factual questions relevant to the issue of estoppel and that since the plaintiff waived his right to a jury trial, the appropriate standard for review is whether or not the trial court's finding was "plainly erroneous and contrary to the manifest weight of the evidence"; (2) even if the plaintiff had not waived his right to a jury trial, it would nonetheless be proper under the evidence to sustain the findings of the trial court; (3) the trial court's dismissal of all counts of the plaintiff's complaint was necessary and proper; and (4) the order of the trial court is consistent with and implements public policy and public interest.

The record reveals the following relevant facts: On July 13, 1969, defendant Hoover collided with the rear end of plaintiff's vehicle which was stopped at an intersection in the Village of South Chicago Heights, Cook County, Illinois. Plaintiff filed his complaint 3½ months after the statute of limitations had run and did not file a jury demand. Defendant then filed an appearance and jury demand. Subsequently, after plaintiff's complaint was twice dismissed with leave to file an amended complaint, plaintiff filed a second amended complaint of four counts alleging (1) negligence against the defendant driver, Hoover; (2) a contract implied in fact between Hoover's insurer Aetna Life and Casualty Insurance Company (hereinafter referred to as Aetna); (3) fraudulent misrepresentation against Aetna's agent, Friedman, that he had actual authority to waive the statute of limitations; (4) fraudulent misrepresentation against Aetna and that Aetna clothed Friedman with apparent authority to waive the statute of limitations. Defendants then answered the second amended complaint with a pleading captioned "Answer and Affirmative Defense to Count I of Second Amended Complaint; Motion for Preliminary Determination of Issue of Estoppel; and Motion to Strike and Dismiss Counts II, III and IV of Second Amended Complaint." Subsequently, this matter came up on the regular summer pretrial call of Judge David Canel on July 25, 1973. On that date, plaintiff filed a petition for a change of venue which was orally denied and the matter was

continued to August 2, 1973 for a pretrial conference. On August 2, 1973, it appears that Judge Canel granted the change of venue by transferring the file to Judge Elward instead of sending the file to the assignment judge for reassignment.

The change of venue having thus been granted, the parties appeared before Judge Elward and counsel for plaintiff confessed that he was confused as to what was about to happen at court that day, and that he did not know if the parties were at court for a settlement conference or for hearing evidence. Counsel for plaintiff informed the court that plaintiff was present, and defense counsel stated that a claims representative of the defendant insurance company was present. Defense counsel also emphasized that defendant had not waived their jury demand. The trial court then proceeded to define the issue before it as one of determining whether or not there were enough facts on the issue of estoppel to send the case to a jury. Clearly indicating the procedure to be followed, the trial court then stated that if it found enough facts on the issue of estoppel to send to a jury the case would proceed to a double-jury trial with one jury to decide the issue of estoppel and the other jury to decide the issues of damages and negligence. (See *Kinsey v. Thompson* (1963), 44 Ill.App.2d 304, 194 N.E.2d 565.) If, on the other hand, the trial court did not find enough facts to support the claim of estoppel, the entire case was to be dismissed. After thus clearly defining the issue to be decided and outlining the procedure to be followed, the trial court heard the plaintiff's testimony and that of the insurance agent Mr. Friedman and issued the following order:

"The Court having heard and considered all evidence adduced by plaintiff in support of his claim of estoppel, and the Court being advised by plaintiff's attorney that plaintiff had no other or further evidence to offer upon said issue; and the Court having heard and considered further arguments by counsel, and being fully advised in the premises;

This Court is of the opinion and FINDS, that plaintiff failed to adduce any evidence sufficient to justify or support a finding that the conduct of any defendant herein constituted anything more than investigation of plaintiff's claim and negotiations for a settlement; and

This Court is further of the opinion, and FINDS, that plaintiff failed to adduce any evidence sufficient to justify or support a finding that the conduct of any defendant herein constituted a waiver of the statute of limitations, or a finding that the conduct of any defendant induced a reasonable belief on plaintiff's part that the statute of limitations would be waived; and, accordingly,

This Court FINDS that the defendants are not estopped from asserting the bar of the statute of limitations &ast; &ast; &ast;."

The trial court then ordered all four counts of the plaintiff's complaint dismissed.

The plaintiff in his deposition and testimony at the hearing indicated that the accident was a rear-end collision in which the insurance company had never denied responsibility. Plaintiff further testified that the insurance company had paid for the damage to the car and that Aetna's agent, Mr. Friedman, had agreed in essence to reach an agreement as to the damages for personal injuries. Plaintiff further testified that Mr. Friedman specifically told the plaintiff that he did not need an attorney and the plaintiff, in fact, did not retain an attorney until after the statute of limitations had run. Both plaintiff and defendants agreed that the last communication between plaintiff and the insurance agent took place approximately 3 months before the statute of limitations was to run. Plaintiff testified that at this last conversation plaintiff told Mr. Friedman that the 2-year limit was approaching and in response Mr. Friedman told the plaintiff that he need not worry about "deadlines or technicalities." Plaintiff testified that he tried to call Mr. Friedman shortly before the statute was to run, but was informed that Mr. Friedman was on vacation.

In their answer to Count I of the complaint, defendants state that they undertook only to investigate and evaluate plaintiff's claim with a view toward possible negotiation and settlement and deny that any conversations of any kind concerning retention of counsel by plaintiff ever took place. Mr. Friedman, the insurance agent, further denied having ever told the plaintiff not to worry about the statute of limitations.

Although it is not exactly clear from the record whether the trial court judge was actually deciding the factual questions concerning the issue of estoppel or merely determining that there was no factual question on the issue of estoppel to send to a trier of fact, we feel that the import of the order issued by the trial court judge is that he actually decided the factual questions relevant to the issue of estoppel. In so doing, the trial court committed reversible error. The defendants filed a jury demand and never waived this jury demand. Throughout the hearing, the trial court repeatedly defined the issue it was to decide as one of determining whether or not there were enough facts on the issue of estoppel to send the case to a jury. Due to the fact that defendants never waived their jury demand and the fact that the issue to be decided was clearly defined as determining whether or not there were enough facts to send the issue of estoppel to a jury, the trial court should not have actually decided the questions of fact presented by the issue of estoppel. As the trial court indicated in the early stages of the hearing, if the issue of estoppel pre-

sented a question of fact the case was to proceed to a jury. Such procedure should have been followed.

■■■ Furthermore, it is clear that on the basis of the pleadings, plaintiff's deposition and testimony adduced at the hearing that there was a question of fact concerning the issue of estoppel. The rule concerning estoppel in situations similar to the case at bar is clearly stated in *Flagler v. Wessman* (1970), 130 Ill.App.2d 491, 494, 263 N.E.2d 630, 632:

> "The fact that an insurer negotiates with a claimant is not conduct amounting to waiver by estoppel unless the negotiations contain statements or conduct which are calculated to lull the claimant into a reasonable belief that his claim will be settled without suit. If there is evidence of such conduct which exceeds mere investigation and negotiation, an issue is made for determination by the trier of the facts; if not, the defense may be disposed of by the court as a matter of law. *Dickirson v. Pacific Mut. Life Ins. Co.,* 319 Ill. 311, 318, 150 N.E. 256 (1926); *Suing v. Catton,* supra, at page 473; *Kinsey v. Thompson,* supra, at page 307; *Devlin v. Wantroba,* 72 Ill.App.2d 383, 387, 218 N.E.2d 496 (1966)."

In the case at bar, plaintiff testified that the insurance company paid for the damages to his car and never denied liability; that the insurance agent told the plaintiff that he did not need an attorney and that plaintiff need not worry about deadlines or technicalities. Such testimony is evidence of conduct which exceeds mere investigation and negotiation and consequently an issue of fact was made for determination by a trier of fact.

The mere fact that the last communication between the plaintiff and the insurance agent was approximately 3 months before the statute of limitations was to run is not determinative as a matter of law on the issue of estoppel. It is true, as stated in *Reat v. Illinois Central R.R. Co.* (1964), 47 Ill.App.2d 267, 197 N.E.2d 860, 864, that

> "[W]here the inducement for the delay * * * has ceased to operate before the expiration of the limitation period, so as to afford the plaintiff ample time thereafter in which to institute his action prior to the running of the statute of limitations, he cannot excuse his failure to do so on the ground of estoppel." (47 Ill.App.2d 267, 273-4.)

However, in the case at bar, plaintiff has testified that in the last communication 3 months before the statute of limitations was to run the insurance agent told him not to worry about deadlines or technicalities. Thus, a question of fact existed concerning whether or not the inducement for the delay had ceased to operate before the expiration of the limitation period. This question should be decided by a trier of fact.

■■ Along with his motion for a preliminary resolution of the issue of estoppel, defendants filed a motion to strike and dismiss Counts II, III and IV of the complaint for failure to state a cause of action. The trial court ordered Counts II, III and IV dismissed and plaintiff argues that such dismissal was in error. The trial court did not hear argument on Counts II, III and IV at the hearing and the order of the trial court dismissing these counts gives no reason for their dismissal. As indicated by the record, the trial court in the early stages of the hearing said that whichever party won on this issue of estoppel, was going to win on Counts II, III and IV as well. In line with this reasoning, the trial court, having decided the issue of estoppel in defendants favor, dismissed Counts II, III and IV. Having ruled that the trial court erred in deciding the question of fact relevant to the issue of estoppel, we feel that Counts II, III and IV do state a cause of action and should also be remanded for consideration.

For the reasons stated above, the order of the trial court is vacated and the case remanded for a determination of the question of fact raised by the issue of estoppel and for a consideration of Counts II, III and IV.

Order vacated and cause remanded with directions.

McNAMARA, P. J., and MEJDA, J., concur.