ANTHONY J. DOLL *et al.*, Plaintiffs-Appellants, *v.* FARMERS AUTOMOBILE INSURANCE ASSOCIATION, Defendant-Appellee.

Third District   No. 76-519

Opinion filed November 29, 1977.

Louis E. Olivero, of Peru, for appellants.

Karaganis & Gail, Ltd., of Chicago, and Berry & O'Conor, of Ottawa, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Plaintiffs Anthony J. Doll and Fay Doll appeal from an order of the Circuit Court of La Salle County granting summary judgment in favor of defendant in an action to recover on a fire insurance policy where suit was filed after the expiration of the 12-month period from the date of the fire.

Complaint was filed by plaintiffs in this action on July 23, 1974, and sought recovery under an insurance contract issued by defendant Farmers Automobile Insurance Association for damages sustained by the destruction of plaintiffs' house by fire on February 26, 1973. Defendant moved for summary judgment on the ground that the action was barred by a 12-month limitation period contained in the insurance policy, which motion was granted by the court in favor of defendant and in bar of plaintiffs' action. On appeal in this court, plaintiffs contend that the trial court erred by entering summary judgment for the reason that the case as developed did present genuine issues of material fact regarding (1) whether defendant's conduct constituted a waiver of the 12-month limitation term in the policy, (2) whether or not a letter denying liability sent by defendant was in fact received by plaintiffs, and (3) whether the letter denying liability, if it had been received by plaintiffs, would have permitted sufficient time to plaintiffs to make arrangements for an attorney to file suit prior to the expiration of the limitation period.

The record discloses that on February 26, 1973, plaintiffs' 2-story house located in Dana, Illinois, was destroyed by fire. At the time of the destruction by fire, the premises were insured as against such hazard by a policy issued by defendant insurance company and contained provisions for coverage in the sum of $37,000 as to the structure, $18,500 on unscheduled personal property, and $3,700 on appurtenant structures. The policy also contained the following standard limitation provision:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court * * * unless commenced within twelve months after inception of the loss."

On February 27, 1973, the day after the fire, plaintiffs notified an agent of defendant of the fire. Plaintiffs subsequently provided the proofs of loss to defendant as required by the policy. Plaintiffs and defendant, through defendant's employee Mr. William Wall, then entered into a series of negotiations conducted by Anthony Doll and Mr. Wall, by telephone, with respect to the amount of money required to satisfy plaintiffs' claim under the policy. Plaintiffs initially demanded $38,000 for settlement of their loss and then decreased their demand to $27,000, and

finally to $22,000. Defendant had offered $14,000 initially, then increased its offer to $17,000, and finally to $19,750. At that time, the difference between the offer and the request for settlement by plaintiffs was only $2,250. On September 28, 1973, in the last of the telephone conversations between plaintiff Doll and Mr. Wall, when Mr. Wall offered $19,750 in settlement, Mr. Doll refused that offer. On or about September 29, 1973, plaintiff Anthony Doll sent defendant a handwritten letter stating that he attempted to get in touch with his attorney but the attorney was not in, but that the attorney would contact Mr. Wall with respect to disposition of the matter. On February 11, 1974, defendant contends that it sent plaintiffs a letter by certified mail, in which it denied liability to plaintiffs, for the claim resulting from the fire loss. Nothing was said therein as to the one-year limitation period for filing action. Plaintiffs deny that any such letter was received by them at any time.

On July 23, 1974, plaintiffs filed their complaint in the instant case to recover under the insurance policy for their fire loss. In the deposition taken on March 24, 1976, Anthony Doll stated that, after the telephone call of September 28, 1973, he believed that his personal negotiations with defendant had not produced the desired results and that he did not expect Mr. Wall to contact him again, after he had said that he turned the case over to his attorney. He stated expressly that he did not receive a letter from defendant denying liability for the claim, which defendant contends was sent in February of 1974.

As we have noted previously, defendant, on August 6, 1976, filed motion for summary judgment on the basis of the 12-month limitation provision of the policy. The trial court, after conducting a hearing on the motion, entered summary judgment in favor of defendant and as against plaintiffs.

■■■ Plaintiffs argue on appeal in this court that the trial court erred in granting summary judgment since there existed genuine issues of fact in the case. The Illinois Supreme Court has stated the test for determining the propriety of summary judgment in *Farmers Automobile Insurance Association v. Hamilton* (1976), 64 Ill. 2d 138, 141-42, 355 N.E.2d 1:

> "In *Econo Lease, Inc. v. Noffsinger*, 63 Ill. 2d 390, 393, we said: 'A motion for summary judgment will be granted if the pleadings, depositions, admissions and affidavits on file reveal that there is no genuine issue as to any material fact and that the movant is entitled to a judgment or decree as a matter of law. (Ill. Rev. Stat. 1975, ch. 110, par. 57(3); *Carruthers v. B. C. Christopher & Co.*, 57 Ill. 2d 376.) A reviewing court must reverse an order granting summary judgment if it is determined that a material question of fact does exist.' "

Plaintiffs argue that there was presented a genuine issue of material fact in determining whether defendant's conduct constituted a waiver of the 12-month limitation period through the circumstance that it did not deny liability, but continued to negotiate for a settlement based solely on the amount of money which should be paid by reason of destruction by fire. Plaintiffs contend that it is inequitable and unjust to bar their claim under the facts and circumstances as presented in the case. As stated in *O'Brien v. Country Mutual Insurance Co.* (1st Dist. 1969), 105 Ill. App. 2d 21, 23-24, 245 N.E.2d 30:

> "The law is clear that subject to statutory regulations a party to an insurance policy may contract to limit the time within which action on the policy may be brought. [Citation.] It is also clear however that rights under a contractual provision limiting the time within which an action may be brought may be lost by waiver on the part of the insurer. [Citations.] Such provisions, working a forfeiture when upheld, produce harsh results. The courts therefore do not require strong proof of a waiver. [Citations.]
> \* \* \*
> "When an insurance company, by holding out reasonable hope of adjustment, deters an insured from bringing suit within the time limits of the policy, such limitation is thereby waived. \* \* \* Once the insurer waives the policy limitation provision, the limitation cannot be revived and the case will be barred only by the regular statutory limitation. [Citations.]"

■■ ■ We are also aware of the observations made in *Flagler v. Wessman* (2d Dist. 1970), 130 Ill. App. 2d 491, 494, 262 N.E.2d 630, that the fact that an insurer negotiates with a claimant is not conduct amounting to waiver by estoppel unless the negotiations contain statements or conduct which are calculated to lull the claimant into a reasonable belief that his claim will be settled without suit. That case also noted that if there is evidence of such conduct which exceeds mere investigation and negotiation, an issue is made for determination by the trier of facts. As stated in *D'Urso v. Wildheim* (1st Dist. 1976), 37 Ill. App. 3d 835, 838-39, 347 N.E.2d 463:

> "The rule of waiver by estoppel applicable to situations similar to that which is presented in the instant case was set forth in *Kinsey v. Thompson*, 44 Ill. App. 2d 304, 307, 194 N.E.2d 565, 567:
> 'While the mere pendency of negotiations during a part of a period involved in the statute of limitations, conducted in good faith with a view to a compromise, is not a waiver of the statute of limitations and would not estop a defendant from setting up such defenses \* \* \* conduct of an insurance company which induces

plaintiff to a reasonable belief that his claim will be settled without suit, could constitute a waiver by estoppel to raising the defense of statute of limitations * * *.'

In accordance with this principle, if evidence is introduced depicting conduct by the insurance company which appears to exceed mere investigation and negotiation, a question of fact is created for determination by the trier of fact as to whether the conduct constitutes a waiver by estoppel; otherwise, in the absence of such evidence, the defense of estoppel may be disposed of by the court as a matter of law."

In the instant case, it is clear that between February 26, 1973, the date on which plaintiffs' house was destroyed by fire, and September 28, 1973, the date of the last telephone conversation between plaintiff Doll and Mr. Wall, defendant investigated plaintiffs' claim and negotiated with plaintiffs regarding settlement of their claim. We cannot find any evidence in the record, however, that defendant company conducted the negotiations other than in good faith with a view to eventual compromise.

Plaintiff Doll indicated, in his deposition on March 24, 1976, that he did not think that Mr. Wall, the negotiator for defendant company would be getting back in touch with plaintiffs. So far as the record discloses, further negotiations at this time, five months prior to the end of the contractual limitation period, were left to plaintiffs' attorney as shown by plaintiff Doll's letter of September 29, 1973, informing defendant company that plaintiffs' attorney would contact defendant. Accordingly, we cannot find that the court was wrong in concluding that the delay in or abandonment of negotiations was not due to actions of defendant-insurance company or that plaintiffs were lulled into a belief that the company would settle the claim without suit.

■■ On the basis of the record, therefore, we cannot find that the court was in error in concluding that defendant-insurance company did not, by any of its conduct, waive the 12-month limitation clause of the policy or induce plaintiffs to neglect to proceed by lulling plaintiffs into a feeling that defendants would come forward with the desired amount for the damage caused by fire. The court had before it the motion and response and supporting verifications including the deposition of plaintiff Doll. The parties had full opportunity to provide any support which was a available to the parties at the time of the hearing on the motion for summary judgment. The trial court found that no genuine issue of material fact was raised with respect to the issue of possible waiver by defendant of the one-year limitation provision. We find, from our examination of the record, that the conclusion of the trial court is supported by the record, and can discover no basis in the record for a finding that such determination was contrary to the evidence on this issue.

Plaintiffs also contend that the record presents a genuine issue of material fact as to whether the letter of February 11, 1974, to plaintiffs, referred to, was actually received by plaintiffs since plaintiffs deny receipt of the letter. In view of our determination of this cause, we do not believe the issue as to the receipt of the letter need be considered or would be a basis for reversal. The basic issue, as to whether there was a waiver by the defendant company of the limitation period, was properly determined, on the basis of the record, by the trial court, in favor of defendant.

On the basis of the record, we conclude that the judgment of the Circuit Court of La Salle County as to the waiver of limitation issue is sustained by the record. The judgment of the Circuit Court of La Salle County is, therefore, affirmed.

Affirmed.

STENGEL, P. J., and STOUDER, J., concur.