CRITERION INSURANCE COMPANY, Plaintiff-Appellee, v. ROBERT L. REED et al., Defendants.—(COUNTRY MUTUAL INSURANCE COMPANY, Intervenor-Appellant.)

Fifth District   No. 78-217

Opinion filed December 12, 1978.

Philip G. Feder, of Ducey and Feder, Ltd., of Belleville, for appellant.

Michael B. Constance and Edward J. Szewczyk, both of Donovan, Hatch and Constance, of Belleville, for appellee.

Mr. PRESIDING JUSTICE G. J. MORAN delivered the opinion of the court:

Country Mutual Insurance Company, intervenor in a declaratory judgment action brought by plaintiff Criterion Insurance Company, appeals from a February 2, 1978, order of the circuit court of Madison County finding the plaintiff had effectively canceled its policy of insurance with one Robert Reed prior to an automobile accident involving defendant Reed and defendants Roland and Loretta Eigenrauch, who had in turn contracted with intervenor for uninsured motorist coverage.

The pertinent facts are as follows: On February 21, 1974, defendant Robert Reed contacted an independent insurance agent, Jim Apple, whose office was located in Alton, Illinois. Although Apple did not wish to insure the defendant, he offered to telephone an insurance company located in Washington, D.C., in order to accommodate Reed. The call was placed to the plaintiff, Criterion Insurance Company. At the conclusion of the conversation, one of plaintiff's employees informed Apple: "O.K., we'll cover him * * * tell the man he is insured." The Illinois agent then phoned the operator, determined the charge for the call and requested reimbursement of that amount from the defendant. No other compensation was paid for Apple's assistance.

Several weeks later defendant received through the mail a policy of insurance issued March 29, 1974, with a stated policy period of February 21, 1974, through February 21, 1975. The policy was delivered to defendant at his Fort Knox, Kentucky, address. On May 21, 1974, plaintiff mailed the defendant at the above address a notice of cancellation for nonpayment of premium effective June 5, 1974. On July 11, 1974, Reed was involved in an automobile accident with defendants Eigenrauch in Washington County, Illinois. The Eigenrauchs filed an action against Reed in Madison County for personal injuries suffered as a result of the accident. On the same day plaintiff Criterion Insurance Company

instituted this action seeking a declaration of its rights and liabilities under its insurance contract with Reed.

The court allowed Country Mutual's petition for leave to intervene. In its answer to plaintiff's petition for a declaratory judgment, intervenor alleged that due to plaintiff's failure to comply with the method of notification of cancellation prescribed in sections 143.4 and 143.6 of the Illinois Insurance Code (Ill. Rev. Stat. 1973, ch. 73, pars. 755.4 and 755.6), the defendant Reed's policy of insurance was in full force and effect on July 11, 1974, the date of the accident with defendants Eigenrauch.

■■ ■ After considering stipulations of fact and memoranda of law submitted by the two insurance companies involved, the circuit court of Madison County entered an order on February 2, 1978, finding that the cancellation procedure employed by plaintiff effectively terminated its liability under the policy issued to the defendant Reed. The order reads:

"The remaining active parties in this case, i.e. Criterion Insurance Company and Country, through their respective attorneys, have stipulated to the factual situation and have agreed to submit the cause to the Court for determination based on that stipulation and the material referred to therein. Both parties have submitted memoranda which also point up the factual situation. There would be no point in repeating the facts in detail upon which this determination is made.

The only issue submitted to the Court under this Declaratory Judgment is the question of whether or not the cancellation procedure initiated by Criterion on May 21st, 1974, effectively cancelled their policy and terminated their liability thereunder.

While there is no mention in the stipulation or the memoranda of where the policy was issued, it would appear from the face of the policy that it was issued in Washington D.C. It has been stipulated that it was mailed to the insured at his address in Kentucky and that he received it there. Under the provisions of Chapter 73, Sec. 755.2(a) of the Illinois Revised Statutes of 1973, a 'Policy of automobile liability insurance' is defined as a policy delivered or issued for delivery in this state. Section 755.4, relied upon by Country, details specifically the method of giving notice for cancellation of those policies to which Sec. 755.3 applies. Sec. 755.3 obviously refers to automobile policies as defined in 755.2, which would not include this policy since it was delivered in Kentucky and issued in Washington, D.C.

The Kentucky Statute, which has been supplied, defines 'Policy' as an automobile liability insurance policy delivered or issued for delivery in this state, (Sec. 304, 20—040) [Kentucky Rev. Stat.], and

in the same section details the method of cancellation for those policies.

We think it apparent from a reading of both Statutes that both Kentucky and Illinois have adopted a statutory scheme designed to avoid conflicts and give each state control over those policies issued or delivered therein. Both states agree that the law which applies is the law of the state where the contract was issued or delivered. There is no point in straining to create a conflict where there is none. The contract was issued in Washington D.C. and there has been no showing as to what the law on cancellation was in that state. The policy was delivered in Kentucky and under Kentucky law the company effectively cancelled the policy and terminated their liability.

It is therefore the judgment of the Court that policy number R2—31—14 of the Criterion Insurance Company, a Corporation, was effectively cancelled and that said insurance company has no further liability on said police [sic] to any of the parties herein.

/s/ W. L. Beatty
Circuit Judge
Madison County, Illinois"

Intervenor contends that on the facts of this case the court erred in finding that the law of the State of Kentucky governed the method of cancellation of the insurance policy.

We concur with the opinion and judgment of the trial court.

Judgment affirmed.

KARNS and JONES, JJ., concur.