GWENDOLYN R. BAUTER *et al.*, Plaintiffs-Appellees, *v.* DANA L. REDING, Defendant-Appellant.

Third District   No. 78-235

Opinion filed January 31, 1979.

Paul Perona, Jr., and Thomas Perona, both of Perona and Perona, of Spring Valley, for appellant.

Robert V. Dewey, Jr., of Heyl, Royster, Voelker & Allen, of Peoria, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant's attorney appeals from an order holding him in contempt of court for refusing to comply with the trial court's order to produce certain documents during the discovery process.

On January 24, 1975, the plaintiffs were involved in an automobile accident with the defendant. The complaint seeking recovery for personal injuries sustained in the accident was not filed until August 9, 1977, which was after the statute of limitations had run. (Ill. Rev. Stat. 1977, ch. 83, par. 15.) In response to defendant's motion to dismiss because of the expiration of the two-year limitation period, plaintiffs claimed that by virtue of the conduct of the defendant's insurance carrier, State Farm Mutual Automobile Insurance Company, defendant was estopped from relying upon the statute of limitations. The trial court denied the motion to dismiss because a factual dispute existed relating to the conduct of the parties. Thereafter, defendant filed his answer including the affirmative defense of the statute of limitations, which defense was denied by the plaintiffs.

Plaintiffs filed a request to produce which is the source of the controversy on appeal. In particular paragraphs 7, 8, and 9 provide:

"7. Copies of all reports, letters, records, notes or memoranda concerning any investigation of the facts of the occurrence or the nature or extent of the plaintiffs' injuries, and if they claim a privilege is being made as to any of the documents, set forth the nature of the document and the privilege being claimed.

8. Any and all correspondence, reports, memorandum, notices and other documents pertaining to the following:

a. State Farm's investigation of the loss;
b. State Farm's negotiations with plaintiffs and their son;
c. State Farm's evaluations of the plaintiffs' claim;
d. State Farm's written correspondence with the plaintiffs and any of their representatives;
e. Notes or reports of oral conversations with the plaintiffs or their representatives by representatives of State Farm;
f. Inter-office communications within State Farm pertaining to the plaintiffs' claim.

9. The complete claim file of State Farm Insurance Company relating to the incident complained of and subsequent transactions with the Bauters and their representatives."

Defendant objected to producing the documents called for in paragraphs 7, 8 and 9 because the request was too broad and described certain items not properly discoverable. The trial court ordered an in-camera inspection of the 65 disputed documents and numbered the documents 1 thru 65. After its in-camera inspection, the court ordered

defendant to produce documents 2 thru 6 inclusive, 8 thru 30 inclusive, 51 thru 60 inclusive, 62 thru 65 inclusive, and a portion of document 50. Trial counsel for defendant voluntarily produced certain limited portions of documents 52 thru 65, but refused to produce the balance of the material the court had ordered produced.

On plaintiffs' motion and pursuant to the authority contained in Supreme Court Rule 219(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 219(c)), the trial judge held defendant's counsel in contempt and fined him. This appeal followed. Plaintiff has not requested an appeal from that portion of the court's order denying discovery of certain documents and we concern ourselves only with the documents ordered produced.

■■ So long as defense counsel's refusal to produce was not malicious or designed solely to impede the progress of the trial, the propriety of the contempt order must be judged by the propriety of the underlying order to produce. (See *Monier v. Chamberlain* (1966), 35 Ill. 2d 351, 221 N.E.2d 410.) If the court erred in ordering the documents produced, then defense counsel cannot be in contempt of court for refusing to comply with an erroneous order. We affirm.

Several considerations determine whether material in the possession of an opponent is properly discoverable. Generally, the material requested should not be subject to a privilege and should be relevant. Related to the question of relevancy and privilege is the requirement that the discovery motion must specify the material to be produced. No claim of privilege has been asserted in the trial court or on appeal. None of the documents ordered produced contain any communications from defendant to his insurance carrier, although some of the documents not ordered produced did contain such information. Hence, the propriety of the discovery order before us revolves around the specificity of plaintiffs' request to produce and the relevancy of the documents ordered produced. We turn first to defendant's claim that the disputed paragraphs, 7, 8 and 9, are overly broad.

■■ The leading case on the degree of specificity required in a motion to produce is *Monier v. Chamberlain* (1966), 35 Ill. 2d 351, 221 N.E.2d 410. In *Monier* the court rejected any requirement of minute particularization and held that categorical designations achieve the specificity requirement of Rule 17, which is now incorporated in Supreme Court Rule 214 (Ill. Rev. Stat. 1977, ch. 110A, par. 214). The court also indicated that what would suffice as a reasonable description would depend upon the circumstances of each case. We believe that paragraphs 7 and 8 of plaintiffs' discovery motion comply fully with the applicable standards of specificity as envisioned by the court in *Monier* and as contained in Supreme Court Rule 214.

■■■ However, we believe that a blanket request to produce the entire

claim file of defendant's insurance carrier is not a categorical designation which complies with the specificity requirement of Rule 214. Hence, paragraph 9 was not a proper request. We note in this regard that plaintiffs have not directly challenged defendant's assertion that the request to produce as set forth in paragraph 9 is overly broad. While paragraph 9 was not specific enough, it does not necessarily follow that the court's order to produce was incorrect. In pronouncing its order the trial court did not indicate under which paragraph the discovery was being ordered. We have examined the 65 documents submitted to the trial court for its inspection and find that all of them come within the purview of the request to produce as specified in paragraphs 7 and 8. We therefore hold that the documents were ordered produced pursuant to a motion with sufficient specificity. We examine next the question of relevancy.

■■■ The concept of relevance in discovery is broader than relevancy for admission of evidence at trial. Discovery presupposes a range of relevance and material which includes not only what is admissible at trial, but also that which leads to material admissible at trial. (*Krupp v. Chicago Transit Authority* (1956), 8 Ill. 2d 37, 132 N.E.2d 532.) Relevancy is determined by reference to the issues, for generally, something is relevant if it tends to prove or disprove something in issue. The sole issues in the present case relate to an estoppel to assert the bar of the statute of limitations as a defense. This is so since a trial separate from the personal injury action must be had on the estoppel issue. (See, *e.g., Kinsey v. Thompson* (1963), 44 Ill. App. 2d 304, 194 N.E.2d 565.) As to the issue of estoppel:

> "The fact that an insurer negotiates with a claimant is not conduct amounting to waiver by estoppel unless the negotiations contain statements or conduct which are calculated to lull the claimant into a reasonable belief that his claim will be settled without suit. If there is evidence of such conduct which exceeds mere investigation and negotiation, an issue is made for determination by the trier of facts; if not, the defense may be disposed of by the court as a matter of law." (*Flagler v. Wessman* (1970), 130 Ill. App. 2d 491, 494, 263 N.E.2d 630, 632.)

(Accord, *Doll v. Farmers Automobile Insurance Association* (1977), 54 Ill. App. 3d 868, 370 N.E.2d 258; *Cassidy v. Luburich* (1977), 49 Ill. App. 3d 596, 364 N.E.2d 315.) We have examined each of the documents ordered produced and find them relevant to the discovery process.

Without being able to reveal the precise content of the documents in question, it is difficult to justify our decision. Generally, the documents ordered produced pertain to the course of conduct engaged in by the defendant's insurance carrier from the time of the accident to the running of the statute of limitations. The documents tend to either prove or

disprove that defendant's insurance carrier engaged in conduct or made statements that were calculated to lull plaintiffs into a reasonable belief that their claim would be settled without suit or the documents may lead to the discovery of such evidence. In either instance, the standards of relevance for discovery have been met.

In much of his argument defendant asserts that only documents which were communicated to the plaintiffs or which contained descriptions of conversations with the plaintiffs should be produced, since writings never seen by plaintiffs nor communicated to them could not mislead them nor could the plaintiffs rely on such writings. Defendant's argument is deficient in two respects.

Issues relating to the course of conduct contemplated by the principles of estoppel previously set forth are broader than defendant would have us believe. Actions by defendant's insurance carrier, State Farm, which may not constitute some form of direct contact between plaintiffs and State Farm, may, nevertheless, contribute to the overall framework of State Farm's conduct in handling plaintiffs' claim for damages over a 2-year period of time. As a hypothetical example, the actual payment of a hospital or repair bill by an insurance carrier may not involve direct contact with the claimants, but how and when the bills were paid not only forms a part of the overall course of conduct engaged in by the carrier, but also is relevant to the reasonableness of the claimant's belief that his claim would be settled without suit.

Defendant's argument also fails because discovery includes that which may lead to material admissible at trial. While certain of the documents ordered produced may not be admissible at trial, they do contain information which might lead to evidence which is admissible at trial. The reference to what is admissible at trial is not limited to physical or tangible evidence, but also includes evidence by way of testimony.

Defendant argues that because the documents ordered produced constitute the better part of the claim file, including interoffice memorandums about plaintiffs' case, approval of the court's order would hinder the negotiating process in future cases since employees of an insurance carrier would be reluctant to communicate fully with their colleagues for fear of later discovery. Defendant fails to recognize that the issues in the present case requiring the discovery complained of are the exception and not the rule. In the normal case, which would not involve estoppel, many of the documents ordered produced would not be discoverable because of considerations of relevancy. We also note that it is State Farm's actions which created the issues of estoppel and should it prefer not to reveal documents relevant to estoppel, it is free to withdraw its affirmative defense of the running of the statute of limitations.

In closing, we wish to express our approval of the trial court's actions

in ordering an in-camera inspection. We believe such a procedure insures the integrity of the discovery process while preserving the rights of the parties subject to the discovery motion.

For the foregoing reasons the judgment of the circuit court of Bureau County is affirmed.

Affirmed.

BARRY, P. J., and ALLOY, J., concur.