Anthony **KOCLANAKIS**, doing business as Pan–Olympian Travel Agency, Plaintiff–Appellant,

v.

**MERRIMACK MUTUAL FIRE INSURANCE COMPANY**, Defendant–Appellee.

No. 88–3163.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 12, 1989.

Decided April 12, 1990.

As Amended April 30, 1990.

Timothy K. Travers, Michael Childress, Tenney & Bentley, Chicago, Ill., for plaintiff-appellant.

Edward M. Kay, Frank Schneider, James T. Ferrini, Jeanette M. Bourey, Clausen, Miller, Gorman, Caffrey & Witous, Chicago, Ill., for defendant-appellee.

Before WOOD, Jr., CUDAHY, and KANNE, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

Plaintiff Anthony Koclanakis owns and operates a Chicago travel agency named Pan–Olympian Travel. During the night of February 4–5, 1986, a burglar purloined certain assets located at Pan–Olympian. The missing items included office equipment, silver dollars, gold coins, a stamp collection, $5,300 in currency, and jewelry.

Fortunately, or so Koclanakis believed, he had placed his business insurance in the hands of defendant Merrimack Mutual Fire Insurance Company ("Merrimack").

Hired to investigate the heist, insurance adjuster John F. Bray contacted Koclanakis. Bray immediately suspected that the coins, currency, stamps, and jewelry were items kept in Koclanakis's personal capacity rather than business assets of Pan–Olympian. It was Bray's position that Merrimack's policy did not cover assets not used in connection with the insured business of Pan–Olympian. Consequently, Bray requested documentation of Pan–Olympian's use or ownership of the assets in question. At no time did Bray dispute that Merrimack's policy covered the stolen office equipment.

From February to July 1986, Koclanakis attempted to provide the documentation Bray had requested. Dissatisfied with Koclanakis's efforts, Bray forwarded a proof-of-loss form and an offer of settlement in the amount of $1,654. Because the proposed settlement did not include any payment for the pilfered coins, currency, stamps, and jewelry, Koclanakis declined the offer and pleaded for more time to produce further evidence. Koclanakis then submitted an uncertified, unaudited balance sheet that listed the items in question as assets of Pan–Olympian, but Bray rejected as inadequate this latest attempt to substantiate the loss.

After seven to eight months of futilely pursuing his claim, Koclanakis retained attorney Terry Chiganos to represent him. On instructions from Merrimack, Bray repeated to Chiganos his earlier demands for fuller documentation. In response, Chiganos reasserted Koclanakis's position that the coins, currency, stamps, and jewelry were covered under Merrimack's policy. Through Chiganos, Bray then asked Koclanakis to submit to an examination under oath on December 11, 1986. Each side blamed the other for Koclanakis's failure to appear, and the parties were unable to agree on a convenient date to reschedule the examination. Koclanakis does not dispute Merrimack's assertion that at all

times it was willing to settle the claim for the original offer of $1,654.

By its terms, the Merrimack policy obligated Koclanakis to sue within one year after the loss occurred.[1] Because the one-year anniversary of Koclanakis's loss expired on February 5, 1987, Merrimack informed him in April 1987 that it would no longer consider his claim. Despite the apparently controlling policy provision, Koclanakis filed this diversity action to compel payment in November 1987. Rejecting Koclanakis's arguments that statutory or equitable principles tolled the operation of the contractual limitation period, the district court granted summary judgment for Merrimack. *See Koclanakis v. Merrimack Mut'l Fire Ins. Co.*, 709 F.Supp. 801 (N.D. Ill.1988). We review the district court's entry of summary judgment de novo. *E.g., Kuemmerlein v. Board of Educ.*, 894 F.2d 257, 261 (7th Cir.1990).

Using Illinois choice-of-laws rules, *see Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941), we learn that Illinois substantive law governs this dispute as well, *see, e.g., Jadczak v. Modern Serv. Ins. Co.*, 151 Ill.App.3d 589, 593, 503 N.E.2d 794, 797, 104 Ill.Dec. 932, 935 (1987); *Criterion Ins. Co. v. Reed*, 66 Ill.App.3d 925, 928, 383 N.E.2d 786, 787, 23 Ill.Dec. 19, 20 (1978); *see also* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 193 (1971) (rights created by casualty insurance contract are governed by the principal location of the insured risk). Illinois law recognizes the validity of reasonable contractual limitations on the time to file suit. *E.g., Village of Lake in the Hills v. Illinois Emcasco Ins. Co.*, 153 Ill.App.3d 815, 817, 506 N.E.2d 681, 683, 106 Ill.Dec. 881, 883 (1987); *Wilson v. Indiana Ins. Co.*, 150 Ill.App.3d 669, 672, 502 N.E.2d 69, 71, 103 Ill.Dec. 922, 924 (1986); *Florsheim v. Travelers Indem. Co.*, 75 Ill.App.3d 298, 303, 393 N.E.2d 1223, 1228, 30 Ill.Dec. 876, 881 (1979). Thus, the contractual limitation of Merrimack's policy requiring Koclanakis to file suit within one year of the loss bars the present action unless the limitation period was tolled.

While Illinois substantive law controls the merits of the dispute, whether to grant summary judgment is a matter of federal law. *International Adm'rs Inc. v. Life Ins. Co.*, 753 F.2d 1373, 1378 (7th Cir.1985). As the party moving for summary judgment, Merrimack has the burden of establishing uncontroverted facts to support its motion. Koclanakis, however, cannot rest on mere unsupported denials, and he has to come forward with contradictory evidence establishing a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Hannon v. Turnage*, 892 F.2d 653, 657 (7th Cir.1990).

An Illinois statute tolls an insurance policy's contractual limitation period from the date the insured files a proof of loss until the date the insurer finally denies the claim. ILL.REV.STAT. ch. 73, ¶ 755.1. To fall within the ambit of the statute, the proof of loss filed by the insured must be in the "form ... required by the policy." *Id.* Although arguably enough to thwart an insurer's defense of noncompliance with a proof-of-loss provision, *see Lynch v. Mid–America Fire & Marine Ins. Co.*, 94 Ill. App.3d 21, 29, 418 N.E.2d 421, 428, 49 Ill.Dec. 567, 574 (1981); *First Nat'l Bank v. Boston Ins. Co.*, 17 Ill.App.2d 159, 164, 149 N.E.2d 420, 422 (1958), *aff'd*, 17 Ill.2d 147, 160 N.E.2d 802 (1959), the statute requires the insured to do more than merely present equivalent information to that requested in the insurance policy, *see Vole v. Atlanta Int'l Ins. Co.*, 172 Ill.App.3d 480, 483, 526 N.E.2d 653, 655, 122 Ill.Dec. 394, 396 (1988). Accordingly, whether the information submitted by Koclanakis was equivalent to that required under Merrimack's policy is not a material issue to this dispute. Merrimack's policy explicitly required Koclanakis to submit a signed, sworn statement of loss and a detailed written inventory of all the stolen items. Rather than comply with the terms of the

---

1. The exact language of the policy was: "No suit shall be brought on this policy unless the insured has complied with all the policy provisions and has commenced the suit within one year after the loss occurs."

policy, Koclanakis instead tendered an unsworn notice of loss, an uncertified balance sheet, and a receipt. Because Koclanakis never submitted a proof of loss in the required form, he cannot find solace in the statutory tolling provision.

In addition to his statutory argument, Koclanakis invokes equitable principles that might suspend the contractual limitation period. Where an adversary lulls an opponent into a "false sense of security" that a claim may be settled without resort to litigation, equity will toll the operation of a time bar to filing suit. *See Beynon Bldg. Corp. v. National Guardian Life Ins. Co.*, 118 Ill.App.3d 754, 763, 455 N.E.2d 246, 252, 74 Ill.Dec. 216, 222 (1983); *Lee v. Ohio Cas. Ins. Co.*, 58 Ill. App.3d 1, 6, 373 N.E.2d 1027, 1031, 15 Ill.Dec. 555, 559 (1978). Unless Merrimack's conduct went beyond mere investigation and negotiation, we may reject Koclanakis's estoppel argument as a matter of law. *E.g., D'Urso v. Wildheim*, 37 Ill. App.3d 835, 839, 347 N.E.2d 463, 466 (1976); *Flagler v. Wessman*, 130 Ill.App.2d 491, 494, 263 N.E.2d 630, 632 (1970). In this case, Koclanakis asserts that Merrimack, acting through Bray, manifested assurances that it would reconsider his claim, despite eleven months of repeated requests for more evidence. Specifically, Bray's willingness to schedule an examination under oath allegedly gave Koclanakis hope that Bray was still continuing his investigation of the claim.

We agree with the district court: Bray consistently maintained his position that further documentation would be required to prove that the policy covered the disputed items. By affidavit, Koclanakis and his attorney state that Bray led them to believe he would reconsider his position pending the outcome of the examination. These statements, however, do not go beyond mere unsupported denials of Merrimack's documentary evidence and are insufficient to create a genuine issue of material fact. At best, Bray's willingness to schedule an examination under oath indicated an intent only to continue investigating the matter, and Illinois courts have stated that an insurance company must engage in conduct beyond mere negotiation and investigation before an estoppel will be found. *E.g., Jackson v. Hoover*, 24 Ill. App.3d 358, 363, 321 N.E.2d 348, 351–52 (1974); *Flagler*, 130 Ill.App.2d at 494, 263 N.E.2d at 632 (1970); *see also Bauter v. Reding*, 68 Ill.App.3d 171, 175, 385 N.E.2d 886, 890, 24 Ill.Dec. 745, 749 (1979) (reiterating the general rule in the context of a discovery motion to compel the production of documents). The cases collected in *Myers v. Centralia Cartage Co.*, 94 Ill. App.3d 1139, 1143, 419 N.E.2d 465, 468, 50 Ill.Dec. 357, 360 (1981) describe the affirmative misconduct needed before a court will estop an insurance company from asserting a time bar to suit. For example, if an insurer conceded liability, advanced payments to its insured, or made statements encouraging its insured to delay filing suit, an estoppel might arise. Because Koclanakis does not put forth any similar misconduct, we cannot say Merrimack should be equitably estopped from asserting a time bar to Koclanakis's suit.

As an alternative basis for equitable estoppel, Koclanakis seizes upon the six weeks between Bray's last contact with Koclanakis and his attorney and the expiration of the one-year contractual time limitation on filing suit. Koclanakis implies that this six-week period was a woefully inadequate time in which to prepare a lawsuit and argues that this short time period alone is enough to estop Merrimack. To bolster his claim, Koclanakis cites Illinois cases where the courts did not estop an insurance company from asserting a time bar to suit but where the "length of time of the insurer's inactivity" was much longer. *See Village of Lake in the Hills v. Illinois Emcasco Ins. Co.*, 153 Ill.App.3d 815, 506 N.E.2d 681, 106 Ill.Dec. 881 (1987) (eleven-month period); *Salloum Foods & Liquor, Inc. v. Parliament Ins. Co.*, 69 Ill.App.3d 422, 388 N.E.2d 23, 26 Ill.Dec. 399 (1979) (five-month period); *Tibbs v. Great Cent. Ins. Co.*, 57 Ill.App.3d 866, 373 N.E.2d 492, 15 Ill.Dec. 146 (1978) (twelve months). We have three responses to Koclanakis's argument on this point. First, Koclanakis knew much more than six weeks before the expi-

ration of the one-year time period that Merrimack would deny his claim unless more documentation was forthcoming. Second, Koclanakis does not explain why he could not have prepared a lawsuit in a six-week period, especially when he already knew all of the pertinent facts. Third, although the insureds in the cases cited by Koclanakis did have longer periods of time in which to prepare a suit, nothing in these cases suggests that a shorter period would be inadequate. One Illinois court, by leaving the question open for the jury, has even suggested that three to four days could be an adequate period of time. *Flagler*, 130 Ill. App.2d at 495, 263 N.E.2d at 632; *see also Doll v. Farmers Auto. Ins. Ass'n*, 54 Ill. App.3d 868, 370 N.E.2d 258, 12 Ill.Dec. 635 (1977) (refusing to estop insurer who denied the insured's claim two weeks before the expiration of the contractual limitation period).

Koclanakis's attempts to statutorily or equitably toll the running of the contractual time bar on this suit fail as a matter of law. Because Koclanakis contravened the express provisions of Merrimack's policy by filing this suit more than one year after the occurrence of his loss, the suit is time barred. Accordingly the judgment of the district court dismissing the suit is

AFFIRMED.