962 F.2d 10
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lee Thomas LYNK, Plaintiff-Appellant,
v.
James AIKEN, et al., Defendants-Appellees.
 No. 91-2098.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 27, 1992.*
Decided May 4, 1992.
 
 Before FLAUM and EASTERBROOK, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 Order
 
 1
 Lee Thomas Lynk, a model prisoner, was assigned to a medium security unit. A change in the classification system sent Lynk, who is serving a life sentence for murder, to a maximum security unit. Lynk filed a civil rights suit pursuant to 42 U.S.C. § 1983 against the persons responsible for this move. He alleged a violation of his rights under the due process and equal protection clauses as well as the infliction of cruel and unusual punishment.
 
 
 2
 The district court granted summary judgment in favor of the defendants. Lynk argues that the district court did not address all of his arguments. Lynk maintains that he was "grandfathered" into the medium security residence. He argues that the district court failed to consider promises made to him and the pertinent part of Executive Directive # 89-20, presumably the part that reads: "Offenders already living at K-dormitory may remain in K-dormitory based on continuing good conduct, work performance and adjustment." The district court noted the "numerous" favorable letters regarding Lynk's work at the prison and his evaluation reports, as well as Executive Directive # 89-20. After a thorough analysis, the district court concluded that Lynk did not have a liberty or property interest in his security classification.
 
 
 3
 Although the district court did not directly address Lynk's request for a court-appointed expert on the issue of cruel and unusual punishment, the request was moot when the district court concluded that Lynk's transfer to a maximum security prison did not give rise to an eighth amendment claim. Finally, Lynk correctly notes that on page three of the district court's order the district court refers to Indiana Code 11-10-1-6 as footnote two, yet instead quotes the DOC Manual of Policies and Procedures. This inadvertent error is not fatal since an enforceable liberty interest in maintaining a security classification is not created by either Indiana Code 11-10-1-6, see Daniels v. Aikens, 755 F.Supp. 239, 242-43 (N.D.Ind.1991), or the DOC procedures in assigning security classifications found in the manual. Nothing else requires elaboration. For reasons given by the district court, the judgment is
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record